GRAY v. STATE.

Opinion delivered October 2, 1916.

1. CARNAL ABUSE—SUFFICIENCY OF EVIDENCE.—The evidence held sufficient to warrant a conviction of the crime of carnal abuse.

2. CARNAL ABUSE—DEFENSE—CHARACTER OF THE PROSECUTRIX.—In a prosecution for the crime of carnal abuse, it is no defense that the prosecutrix was a person of dissolute character.

3. APPEAL AND ERROR—INVITED ERROR.—A cause will not be reversed where improper testimony has been admitted, where the error was invited by the appellant.

Appeal from Clay Circuit Court, Western District. *J. F. Gautney*, Judge; affirmed.

*T. J. Crowder* and *C. T. Bloodworth* for appellant.

1.   The verdict is contrary to the evidence.   It fails to show intercourse or that the girl was under the age of sixteen years.   Her own testimony shows her to be unworthy of belief—she was simply a prostitute.

2.   The court erred in refusing instructions 1, 2 and 3 asked for by defendant, and in refusing to strike out the affidavit of Mrs. Gray in applying for letters of guardianship, as incompetent.

*Wallace Davis*, Attorney General and *Hamilton Moses*, Assistant, for appellee.

1.   The verdict is responsive to the evidence and is ample to prove the age and the acts.

2.   The instructions asked were properly refused. The petition was competent evidence and the objection came too late.   96 Ark. 52; 105 *Id.* 367.

SMITH, J.   Appellant seeks by this appeal to reverse the judgment of the Clay circuit court convicting him of the crime of carnal abuse, alleged to have been committed by carnally knowing one Nellie Nelson, a female under the age of sixteen years.

He strongly insists that the verdict is not supported by the evidence in that it fails to show the act of intercourse, or that the girl was under the age of sixteen at the time of the alleged act.

(1-2)   The evidence is far from satisfying, but we cannot say that it is not legally sufficient to sustain the verdict.   A child was born to the prosecutrix, and while she admitted having made conflicting statements as to its paternity she testified that appellant was 'its father and that he had had sexual intercourse with her on numerous occasions.   She admitted that appellant was not the first man who had carnally known her, and her admissions show her to be a dissolute woman.   Such fact however, is no defense against the act of intercourse if the girl was in fact under the age of sixteen, and while the jury had the right to consider the character and reputation of the girl in weighing her evidence on the subject

of her age as well as that of intercourse, the jury has passed upon her evidence, and we cannot say it is not legally sufficient to support the verdict, and if her evidence is believed she was under the age of sixteen at the time of the intercourse.

Appellant urges that the prosecutrix's own testimony shows her to have been more than sixteen, and so portions of the evidence do, for her testimony upon this subject is somewhat conflicting, but she stated her age with reference to her birthday as told her by her mother and with reference to the time when she attained the age of puberty, her testimony being that she had intercourse with a man named Boyd before attaining that period of her life, and if her evidence upon these subjects was true she had not attained the age of sixteen when she had sexual intercourse with appellant.

(3)    The proof shows that the girl lived at the home of appellant's parents, and her testimony was to the effect that her step-father was unkind to her and had himself attempted to carnally know her.    There was proof that appellant's mother was advised to take out letters of guardianship to prevent the girl's step-father from annoying her, and this was done, and the application therefor made by Mrs. Gray contained a statement of the age of the girl.    Reference to this petition had been made during the progress of the trial, when Mr. Bloodworth, of counsel for appellant, said: "We have both been referring to this paper, Mr. Huddleston.    Do you want to introduce it in evidence?" and in reply thereto the prosecuting attorney said: "Yes, sir, if Your Honor please, I want to offer this in evidence," whereupon the court directed that the paper be read in evidence, and the same was accordingly done.    After the conclusion of the argument but before the final submission of the cause instructions were asked which directed the jury to disregard this writing, but the court refused to give these instructions.

Inasmuch as Mrs. Gray did not testify in the case we think the paper should not have been admitted in evidence; but if there was error in its admission it was

invited by appellant's counsel, as he, no doubt, expected to derive some advantage from its use. Moreover, the request for its withdrawal was not made until after the conclusion of the argument, when it then probably appeared that appellant would derive no benefit from its further consideration by the jury. We conclude, therefore, that no prejudicial error was committed in the refusal of the court to so direct the jury. *St. Louis Southwestern Ry. Co.* v. *Mitchell*, 115 Ark. 339.

Upon the consideration of the whole case we are constrained to affirm the judgment of the court below, notwithstanding the misgivings we may have about the truthfulness of the story told by the prosecutrix. It is so ordered.