### CLARK *v.* STATE.

Opinion delivered October 14, 1918.

1. RAPE—PROSECUTION FOR CARNAL ABUSE—INSTRUCTION.—In a prosecution of one for carnal abuse of a female under the age of sixteen years, the court refused to give the following instruction to the jury, towit: "In passing upon the question of the age of the prosecuting witness, Sarah Embrey, you may take into consideration the size, development and mature appearance of the said Sarah along with the other facts in proof as to her age, and in doing this if you have a reasonable doubt as to her being under the age of sixteen years at the time she says the defendant carnally knew her, then you

should acquit the defendant. *Held,* no error, as the instruction singled out a particular portion of the evidence, and invaded the jury's province in directing them to consider the mature appearance of the prosecuting witness.

2. SAME—CARNAL ABUSE—INSTRUCTION.—In a prosecution for carnal abuse, the court instructed the jury as follows: "The fact, if you should find it to be a fact, that Sarah Embrey was willing to the intercourse, or the fact, if you should find it to be a fact, that Sarah Embrey had intercourse with other men, would not be a defense for the defendant in this case." *Held,* not objectionable for assuming that there was intercourse where another instruction told the jury to acquit defendant if they had a reasonable doubt whether he had had sexual intercourse with the prosecutrix while she was under sixteen years of age.

3. CRIMINAL LAW—EVIDENCE—REPUTATION.—Where a witness in a criminal case has testified to the good reputation of the defendant, he may be asked on cross-examination whether he had had defendant arrested for removing mortgaged property.

4. SAME—HARMLESS ERROR.—Where a witness has testified to the good reputation of the accused, it was not prejudicial error to permit the prosecution to ask the witness on cross-examination whether he had ever had accused arrested for removing mortgaged property where the witness answered that he had no recollection of having done so.

Appeal from Crawford Circuit Court; *Jas. Cochran,* Judge; affirmed.

*Sam R. Chew,* for appellant.

1. The proof as to the age of Sarah Embrey is far from satisfactory. The court erred in refusing to give instruction "A" and in giving No. 2. The appearance and development of the witness should have been submitted to the jury. The question of fact as to sexual intercourse should have been left to the jury.

2. Cravens' testimony was improper and prejudicial. 37 Ark. 261; 120 *Id.* 492. Testimony as to another crime was not admissible. 67 Ark. 112.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Instruction "A" was properly refused. It singles out a particular portion of the evidence and directs the jury to consider it. 105 Ark. 457; 130 *Id.* 365; 75 *Id.* 76;

57 *Id.* 512. It charges the jury as to matters of fact and assumes them as true and draws inferences from the evidence.    49 Ark. 147; 59 *Id.* 417; 36 *Id.* 117; 16 *Id.* 568.

2. There was no error in giving No. 2. It is not open to criticism when considered in connection with others given. The jury were not misled.    70 Ark. 337.

3. The evidence of Cravens was competent on cross-examination as to defendant's good reputation. 83 Ark. 119; 12 L. R. A. 140; 10 R. C. L., p. 953, § 124; 82 Ark. 555.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below sentencing him to the penitentiary for the offense of carnal abuse alleged to have been committed on Sarah Embrey, a female under the age of sixteen years. As grounds of reversal, the following errors are assigned: (First) Refusal to give instruction A. (Second) The giving of instruction numbered II. (Third) The erroneous admission of certain testimony of witness J. J. Cravens. Instructions A reads as follows:

"In passing upon the question of the age of the prosecuting witness, Sarah Embrey, you may take into consideration the size, development, and mature appearance of the said Sarah, along with the other facts in proof as to her age, and in doing this, if you have a reasonable doubt as to her being under the age of sixteen years at the time she says the defendant carnally knew her, then you should acquit the defendant."

No error was committed in refusing this instruction, as it singles out a particular portion of the evidence which it directs the jury to consider. It was, moreover, a charge on the weight of the testimony, as it directed the jury to consider the mature appearance of the said Sarah, whereas, one of the issues of fact was the age of the prosecutrix, and it was the province of the jury, and not that of the court, to say whether the witness presented a mature or an immature appearance. *Fowler v. State*, 130 Ark. 371.

Instruction No. II reads as follows:

"The fact, if you should find it to be a fact, that Sarah Embrey was willing to the intercourse, or the fact, if you should find it to be a fact, that Sarah Embrey had intercourse with other men, would not be a defense for the defendant in this case."

The objection made to this instruction is that it assumes that there was intercourse, a fact denied by appellant. We think the instruction is not open to this objection, especially when the instructions are read as a whole, for the instruction immediately preceding the instruction II expressly told the jury to acquit appellant if they had a reasonable doubt whether he had had sexual intercourse with the prosecutrix while she was under sixteen years of age.

Cravens was called by appellant to prove his general reputation, and testified that it was good. In the cross-examination of the witness, the following colloquy took place:

"Q. Jess, when did you have him arrested for selling mortgaged property?

"A. I don't remember ever having him arrested, I have done business with him ever since I have been in the county.

"Q. Don't you know that he and Dock H——— sold Mr. McGehee two bales of cotton on which you had a mortgage?

"A. I don't remember about the circumstance, the records will show it, but I am pretty sure if he tried to get away with some cotton I had a mortgage on I had him arrested.

"Q. You won't say you ever had Clark arrested or not?

A. No, sir."

It is objected that the effect of this testimony was to prove appellant guilty of a crime not charged in the indictment, and to permit his conviction of one crime by proof of his guilt of another. We think the objection made is not tenable. Appellant had voluntarily put his repu-

tation in issue, and the witness had testified that it was good, and it was not, therefore, improper to interrogate the witness as to the basis of this opinion. The rule in such cases is announced as follows in 10 R. C. L., p. 953, section 124: ''Accordingly, evidence of defendant's good character by general reputation can not be rebutted by evidence of particular acts of misconduct or crime, and that by rumors and reports in the country. But a witness as to character may, on cross-examination, be interrogated as to what he had heard in the community touching the character of the party inquired about. This is to afford a test of the value of his evidence in chief, to show that his conclusion as to the reputation in issue, and which rests upon the estimation of the community, is not supported by the expressions of that estimation, and thus to weaken its force.''

Moreover, this witness did not testify that he had had appellant arrested for removing mortgaged property. Upon the contrary, he stated that he had no recollection of having done so. But, even if the witness had stated that he or some one else might have had appellant arrested for this or for some other charge, it would have been competent for the witness to testify that appellant's reputation was good, notwithstanding that fact, if this were true. One might be arrested for a crime, and still have a good general reputation. But these are proper questions for the jury, and it was not improper for the court to permit an examination of the witness which tended to disclose the facts upon which he based his opinion.

Finding no prejudicial error, the judgment is affirmed.