JACKSON *v.* STATE.

Opinion delivered February 2, 1920.

1. CARNAL ABUSE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of carnally knowing a female under the age of 16 years, in violation of Kirby's Digest, section 2008.

2. CRIMINAL LAW—EXPERT WITNESS.—In a prosecution for carnally knowing a female under the age of consent, it was not error to refuse to permit an ignorant negro woman, who attended at the birth of the child of the prosecuting witness, and who had had 16 years' experience as midwife, to testify as an expert as to the development of a prematurely born child where she had never been present when a child had been prematurely born.

3. CARNAL ABUSE—EVIDENCE.—In such prosecution where defendant claimed that the child could not have been conceived on the alleged date, the woman who attended the prosecuting witness at its birth was properly allowed to state in detail the appearance of the child at that time.

4. CARNAL ABUSE—INSTRUCTION.—In such prosecution an instruction to the effect that it was immaterial whether defendant had intercourse one time or five times was not erroneous, though the prosecuting witness testified that there was but one act of intercourse.

5. CRIMINAL LAW—SPECIFIC OBJECTION.—Where defendant made no specific objection to the above instruction, he can not complain on appeal that it was likely to mislead the jury.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark, Judge;* affirmed.

*J. G. & Cooper Thweatt,* for appellant.

1. The court erred in excluding the evidence of Elsie Thompson that the child was born fully developed.

She qualified as an expert. 5 Enc. of Ev., pp. 535, 658; 45 Vt. 29; 56 N. H. 227; 22 Am. Rep. 441; 100 Ark. 232; 117 *Id.* 8.

2. The court erred in instructing the jury as to reasonable doubt. 39 Ark. 275-280; 111 *Id.* 457, 465-6.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There was no error in admitting or excluding evidence. 64 Ark. 523; 94 *Id.* 75; 36 Kan. 700; 139 U. S. 559; 130 *Id.* 520; 175 Mo. 161; 108 N. Y. 56; 162 Mass. 556.

2. There is no error in the court's instructions. The date laid in an indictment is immaterial, if prior to the indictment and within the statute of limitation. 18 Ark. 363; 26 *Id.* 260; 32 *Id.* 205; 36 *Id.* 222; 37 *Id.* 273; 54 *Id.* 269. The exceptions are saved only *en masse. Long* v. *State,* 140 Ark. 413.

HART, J. Camp Jackson was convicted, under section 2008 of Kirby's Digest, of carnally knowing a female person under the age of 16 years, and from the judgment of conviction has duly prosecuted an appeal to this court.

The prosecuting witness was Aurelia Young, a negro girl, who testified that she lived in Prairie County, Arkansas, with her mother and father; that on the fourth Sunday night in August, 1918, which was the 23rd day of the month, the defendant went home with her from church and on the way home had sexual intercourse with her; that she was not 16 years old at that time; that the defendant had gone with her a good many times before that night, but that he never had intercourse with her before that night or afterwards; that she became pregnant, and then told her mother about the defendant having had intercourse with her.

The mother of the prosecuting witness testified that she was not 16 years of age at the time of the alleged intercourse; that she gave birth to a child on April 18, 1919, and that the child died on the 6th day of May, 1919.

The defendant admitted that he kept company with the prosecuting witness, but denied that he had ever had intercourse with her at any time. His testimony was corroborated to some extent. The evidence adduced for the State, if believed by the jury, was sufficient to convict the defendant.

It was the theory of the defendant that the child was conceived before the 23rd day of August, 1918, and as tending to establish that fact he introduced as a witness Dr. Adams, a white physician, who testified that he had been practicing medicine for eighteen years. The court permitted him to testify as an expert witness. His testimony as abstracted by counsel for the defendant is as follows: ''The average time for the birth of a child after conception is 280 days, which is nine calendar months; when a child is born at the regular time, its muscles would be developed, its head would be well developed, its finger nails would be developed, and, if a normal child, its lungs would be well developed; a child born six weeks earlier than the normal time would be an undeveloped child, and not fully matured; its arms wouldn't be well developed; its nails or fingers would not be developed, and it wouldn't cry nor likely live long; five weeks under time would cause an undeveloped child; it is my opinion that a child born six weeks before time might live three or four days; it might live longer and maybe not near so long.''

The defendant also attempted to introduce as an expert witness Elsie Thompson, a negro woman who was present on April 28, 1919, when Aurelia Young gave birth to the child. She said that it had been her business to deliver children for sixteen years, and that she had had training along that line under physicians. She stated, however, that she had never waited on women who had prematurely given birth to children and that she had never seen children of that kind. The court refused to allow her to testify as an expert, and the court's action is assigned as error, calling for a reversal of the judgment.

In *Green* v. *State,* 64 Ark. 523, the court said that the competency of a witness to testify as an expert depends upon either his actual experience with respect to the subject of investigation, or his previous study and scientific research concerning the same, and sometimes on both combined. The court further stated that no rule can be laid down by which it can be accurately determined how much skill, knowledge, or experience a witness must possess to qualify and entitle him to testify as an expert. The court held that that question rests within the fair discretion of the trial court whose duty it is to decide whether the experience or study of the witness has been such as to make his opinion of any value, and that its decision of the question will not be reviewed by this court, unless it clearly appears to be wrong. According to this test, it cannot be said that the trial court erred in refusing to allow Elsie Thompson to testify as an expert with regard to the development of a prematurely born child. It is true she had had 16 years' experience in assisting physicians in delivering children, but she was an ignorant negro woman and said that she had never been present when a child had been prematurely born. Hence her qualifications as an expert were doubtful, and the court did not abuse its discretion in not allowing her to so testify. She was present at the time the child was born and was properly allowed to state in detail the appearance of the child at that time. She went back and dressed the child when it was four days old and was permitted to state its appearance at that time.

The testimony of this witness and that of Dr. Adams tended to contradict the testimony of the prosecuting witness that the defendant carnally knew her on the 23rd of August, 1918. The jury might have believed them and still believed that the prosecuting witness told the truth about the crime being committed, but was mistaken about the date thereof.

It is also insisted that the court erred in instructing the jury as follows: ''The material issue the State must prove beyond a reasonable doubt is, did he, Camp Jack-

son, in the Southern District of Prairie County, within three years prior to the return of the indictment; have sexual intercourse, or commit adultery with this girl, whether one time or five times, the offense would be consummated just one single time or act, and that is all the statute requires."

We do not think the court committed prejudicial error in giving the instruction. The prosecuting witness did not claim that there had been more than one act of intercourse between her and the defendant. This was all the testimony adduced by the State upon that issue. The court in using the expression, "whether one time or five times," was simply defining the offense and telling the jury that a single act constituted the offense under the statute. If the defendant thought that the jury was likely to be misled by the instruction, a specific objection should have been made to it, and, not having done so, it is now too late to complain.

We find no prejudicial error in the record, and the judgment will be affirmed.