TRIMBLE *v.* STATE.

Opinion delivered November 21, 1921.

1. CRIMINAL LAW—FORM OF OBJECTION TO INSTRUCTION.—Where a general objection was taken to an instruction, specific objections dictated subsequently to the court stenographer, not in the presence and hearing of the court, were without effect.

2. CRIMINAL LAW—ORAL INSTRUCTION.—It is not reversible error in a felony case to give an oral instruction, in the absence of a request that the instructions be reduced to writing.

3. CRIMINAL LAW—DEFENSE OF ALIBI—SUFFICIENCY OF EVIDENCE.—While the defense of an alibi is an affirmative one, yet, if the testimony tending to sustain this defense suffices to raise in the minds of the jury a reasonable doubt of the guilt of the accused, he would be entitled to an acquittal.

4. CRIMINAL LAW—OPINION OF NON-EXPERT.—A non-expert witness may testify his opinion that certain tracks were made by defendant, basing his opinion upon the peculiar shape of defendant's foot.

Appeal from Mississippi Circuit Court, Osceola District; *R. E. L. Johnson,* Judge; affirmed.

*S. L. Gladish,* for appellant.

Instruction No. 12 was erroneous in that it failed to tell the jury that if the evidence which appellant had offered in support of his defense (an alibi), taken in connection with all other evidence in the case, was sufficient to raise a reasonable doubt of his guilt, the jury should acquit him. 110 Ark. 15, citing 105 Mass. 456; 113 Ark. 112; 59 Ark. 379; 102 Ark. 627; 62 Ark. 478.

It was error to refuse to give instruction No. 1 requested by appellant, which in substance told the jury to acquit the defendant if they believed from the evidence that defendant was at the home of Ray Causey at the time Stokes was shot. 65 Ark. 475; 103 Ark. 70.

The court erred in permitting witness Bud Stokes, who was not called as an expert witness, to testify as to his opinion based on facts within his knowledge. 5 Enc. of Evi. p. 651; 52 Ark. 181.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Appellant did not object to the giving of instruction No. 12, and save his exceptions, and it is too late to raise the objection for the first time on appeal. 124 Ark. 599; 192 S. W. 174. Exceptions cannot be reserved by merely assigning them as grounds for a new trial. 135 Ark. 499.

Appellant's requested instruction No. 1 is merely a condensed statement of No. 12 given by the court, and, if No. 12 is wrong, so is his requested instruction No. 1.

It was not error to admit the testimony of Bud Stokes, as same was only a conclusion of fact drawn from appearances, in reference to an ordinary transaction, which any man of common understanding was capable on comprehending, but which could not be reproduced or described to the jury precisely as it appeared to the witness. 52 Ark. 180.

*S. L. Gladish,* on question of correcting record.

The court gave, as one reason why the motion to correct the record should not be granted, his belief that the record could not be amended by *nunc pro tunc* order

after the appeal had been lodged in Supreme Court. The following cases hold to the contrary: 53 Ark. 250; 21 ·Ark. 212; 17 Ark. 154.

The evidence introduced by appellant was sufficient to establish the fact that he did specifically object to instruction No. 12, and the record should have been amended to so show.

SMITH, J. Appellant was convicted for assault to kill, and has appealed. His defense is reflected in the only instruction which he asked, which was numbered 1 and reads as follows: "If you believe from the evidence that the defendant was at the home of Ray Causey at the time Charley Stokes was shot, the defendant can not be guilty of the crime as charged in the indictment, and you will acquit him." This instruction was refused, and an exception saved to that action, whereupon the court gave the following instruction numbered 12:

"The defendant pleads an alibi in this case, which means that he was not present at the time and place where and when the assault was committed as charged in the indictment. Therefore, if you should find from a preponderance of the evidence in the case that the defendant, Earl Trimble, was not present at the time and place where and when the assault was committed, if you find beyond a reasonable doubt that the assault was committed, if you find beyond a reasonable doubt that the same was committed from the facts and circumstances in proof, then such an alibi as set up and claimed by the defendant would be established, and it would be your duty to acquit him."

The original bill of exceptions does not show that an objection was made to this instruction, and we have before us now a bill of exceptions made on the hearing in the court below of a motion to amend the original bill of exceptions to show that an objection was in fact made to the instruction at the time it was given. According to the insistence of appellant, the instruction was given orally, and a general objection was made at the time, and later specific objections to the instruction were dictated

to the court stenographer, but this occurred out of the
presence and hearing of the court. Under the view most
favorable to appellant, we have concluded that only a
general objection was made to the instruction, if an ob-
jection was in fact made at all.

It is further insisted that error was committed in
admitting testimony in regard to appellant's tracks.

We perceive no reason why the court should have
refused appellant's instruction set out above. It pre-
sented concretely and correctly the law applicable to his
defense, and was not more favorable to him than he was
entitled to have the law declared. It stands as an un-
disputed fact in the case that if appellant was at the
home of Ray Causey at the time the shots were fired, he
could not be guilty of the crime charged, and the testi-
mony in his behalf, if believed, established the fact that
he was at Causey's home at the time the shooting was
shown to have occurred.

Notwithstanding what we have just said, we have
concluded that the refusal to give instruction numbered
1 and the giving of instruction No. 12, is not error callin~
for the reversal of the judgment, even though a general
objection may have been made to instruction No. 12.
The instruction No. 12 told the jury that, if they should
find, from a preponderance of the evidence, that appel-
lant was not present at the time and place when and
where the assault was committed, the alibi set up and
claimed by him was established, and that it would be
their duty to acquit him. It is true there appears in the
instruction an unnecessary repetition; but this repeti-
tion resulted no doubt from the fact that the instruc-
tion was given orally. The better practice, of course,
is to reduce the instructions to writing before giving
them; but we have held that it is not reversible error to
give an oral instruction, in the absence of a request that
the instructions be reduced to writing. *Mazzia* v. *State*,
51 Ark. 177; *National Lbr. Co.* v. *Snell*, 47 Ark. 407;
*Anderson* v. *State*, 34 Ark. 257; *Merrill* v. *City of Van
Buren*, 125 Ark. 248; *Reed* v. *Rogers*, 134 Ark. 528.

This repetition emphasizes the thought that the finding must be made beyond a reasonable doubt that an assault was committed, but it told the jury to acquit the defendant if his alibi was established, and it told the jury that the alibi was established if they found from a preponderance of the evidence that appellant was not present at the time and place when and where the assault was committed.

It is insisted that the instruction is bad under the decision in the case of *Wells* v. *State*, 102 Ark. 627. But we do not concur in this view. The instruction on the defense of alibi in that case told the jury to find the defendant guilty if the evidence failed to establish the defense of alibi. The instruction under review does not contain that error. Neither does the instruction fall within the condemnation of the instruction given in the case of *Haskins* v. *State*, 148 Ark. 351. There the instruction told the jury that, if the evidence of an alibi did not cover the whole period of time during which the crime was committed, the jury should not consider any of it. In condemning that instruction, we there said it was the duty of the jury to acquit if the evidence upon the subject of an alibi, in connection with the other evidence in the case, raised a doubt as to the guilt of the accused. The defense of an alibi is an affirmative defense. yet if the testimony tending to sustain this defense suffices to raise in the minds of the jury a reasonable doubt of the guilt of the accused, he would be entitled to an acquittal. This is pointed out, and we think made clear, in the recent case of *Woodall* v. *State, ante* p. 394.

We think the instruction now under review, when fairly interpreted, means that, if the appellant had established, by a preponderance of the evidence, that he was not present at the time and place when and where the assault was committed, his defense was established, and it would be the jury's duty to acquit, and such was the effect of the instruction numbered 1 which he asked himself. In other words, the instruction given was as favorable as the one asked which was refused.

His own instruction did not tell the jury to acquit if the evidence in support of an alibi raised a reasonable doubt about his guilt; and he made no objection that the instruction given was open to the same objection as was his own instruction; and we must therefore hold that the defect in the instruction  given should have been called specifically to the attention  of the court.  As this was not done, no prejudicial error, of which appellant can now complain, was committed.

Stokes, the person assaulted, was permitted to testify, over appellant's objection, that certain tracks which he found in his yard the next day after the shooting were the same tracks which he had followed around his field —these last being tracks admittedly made by appellant. The objection to the question is that it called for the opinion of the witness upon a subject upon which he had not shown himself qualified to testify as an expert.

We do not think the objection well taken.  Stokes had known appellant for ten years, and for the two years preceding the shooting they had lived on the same farm. He had frequently observed appellant's tracks in the field and had noticed how he walked.  He testified that appellant had a funny shaped foot, and he had frequently laughed about it, that his foot turned in and sets a little heavy on the inside.  This was not a matter upon which only an expert could properly be allowed to testify.  Upon the contrary, it is a matter about which a close observer could form an opinion without qualifying as an expert, and one of those things which could not be better reproduced or described than by comparing the track in question with the known tracks of appellant. *Fort* v. *State,* 52 Ark. 180; *Brown* v. *State,* 55 Ark. 593-599; *Railway Co.* v. *Yarbrough,* 56 Ark. 581; *Miller* v. *State,* 94 Ark. 538.

No error appearing, judgment is affiirmed.