## SEATON *v.* STATE.

### Opinion delivered December 24, 1921.

1. RAPE AND CARNAL ABUSE—SUFFICIENCY OF EVIDENCE.—In a prosecution for carnally knowing a female under 16 years of age, a conviction may be had upon the uncorroborated testimony of the prosecutrix alone.

2. CRIMINAL LAW—FAILURE TO OBJECT TO EVIDENCE.—Alleged error in the admission of evidence will not be considered on appeal where no objection was made thereto in the court below.

3. CRIMINAL LAW—INSTRUCTION AS TO CREDIBILITY OF WITNESSES.—An instruction that if the jury believe a witness has sworn falsely in part and truthfully in part, they may disregard his whole testimony or reject that portion which they believe to be false and accept that part which they believe to be true, will not be reversible error unless specific objection was taken.

4.  CRIMINAL LAW—INSTRUCTION—CHARACTER EVIDENCE.—An instruction to the jury that if the proof convinces you beyond a reasonable doubt of the defendant's guilt you should not consider testimony as to his previous good character, while not in good form, was not reversible error where the court also told the jury that they could not convict defendant unless his guilt was established beyond a reasonable doubt.

5.  CRIMINAL LAW—IMPROPER ARGUMENT.—An improper argument made by the prosecuting attorney will not be reversible error where the court directed the jury not to consider it, especially where the error was invited by the argument of defendant's attorney.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Trimble & Trimble* and *Chas. A. Walls,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The competency of evidence admitted without objection in the trial court will not be considered on appeal. 76 Ark. 276; 130 Ark. 111; *Cegars* v. *State,* 150 Ark. 648.

Where no objection is made to a misleading instruction, a reversal will not be granted on this ground. 93 Ark. 209; 111 Ark. 196; 136 Ark. 272.

The court instructed the jury to disregard that part of the prosecuting attorney's argument which was objected to, and the presumption is that the jury obeyed the instruction of the court. 100 Ark. 437.

HART, J. Calvin Seaton prosecutes this appeal to reverse a judgment of conviction against him under sec. 2720 of Crawford & Moses' Digest for carnally knowing a female under the age of sixteen years.

At the trial below, the defendant denied that he had had sexual intercourse with the prosecuting witness, and now earnestly insists that the evidence for the State is not sufficient to warrant a conviction.

The prosecuting witness was the step-daughter of the defendant, and was past 14 years of age when she

testified at the trial of the case in September, 1921. According to her testimony she was past thirteen years of age when the defendant, who was her step-father, had sexual intercourse with her. She had gone with her step-father to pick huckleberries near their home in Lonoke County, Ark., in July, 1920, when the offense was committed. She testified further that her step-father had intercourse with her in their pasture on another occasion. She also testified that her step-father had had intercourse with her once or twice a week at other times in Lonoke County, Ark.

On cross-examination she admitted that she was mistaken about this last statement, but reaffirmed her testimony to the effect that her step-father had had intercourse with her on the two occasions named in her examination-in-chief.

Her testimony was sufficient to warrant a conviction. It is well settled in this State that in the prosecution for carnally knowing a female under sixteen years of age, a conviction may be had upon the uncorroborated testimony of the prosecutrix alone. *Ragsdale* v. *State,* 132 Ark. 210, and *Jackson* v. *State,* 142 Ark. 96.

The next assignment of error is that the judgment should be reversed because the court allowed a sister of the prosecuting witness to testify to statements made to her by the prosecuting witness.

No objection was made by the defendant in the court below to the evidence in this respect, and we cannot consider any alleged error on this account on appeal. *Cegars* v. *State,* 150 Ark. 648.

Error is also assigned with regard to the admission of testimony of the sister of the prosecuting witness as follows:

Q. Did Mr. Seaton ever exhibit any rubbers or condoms to you?

A. Yes, sir.

Q. How many did you ever see?

We object to that.

Court—Let her answer.

Exceptions saved by defendant.

Q. Did you ever see him with any rubbers?

A. Yes, sir.

A. He bought some twice.

Q. Do you know what he did with them—tell the jury what he did with some of them.

Court—Not unless they were used with reference to the other witness, Maggie Mae Parker.

It will be observed that defendant objected only to the testimony as to the number. The witness never answered the question propounded to her relative to how many she saw. She did not tell what he did with them. All other questions and answers were not objected to, and defendant has no right to complain of the admission of the testimony at this time.

The next assignment of error is that the court erred in instructing the jury on the weight and credibility to be given to the testimony of the witnesses.

We do not deem it necessary to set out the instruction in the form given. The instruction was faulty, but this court has held that where an instruction in effect charges the jury that they are the judges of the credibility of the witnesses, although one of them has been impeached, and, if they believe a witness has sworn falsely in part and truthfully in part, they may disregard his whole testimony or reject that portion which they believe to be false and accept that part which they believe to be true, it will not be held bad when objected to generally. *Bruder* v. *State,* 110 Ark. 402, and *Johnson* v. *State,* 120 Ark. 193.

In the instant case no specific objection was made to the instruction, and the language used was probably the result of oversight. In any event, in the absence of a specific objection, it does not call for a reversal of the judgment.

It is insisted that the judgment should be reversed because the court erred in giving instruction No. 3.

which is as follows: "It is not a question in this case whether the defendant was of good or bad character. Good character is no excuse for crime, neither would bad character authorize you to convict this man unless the proof establishes his guilt beyond a reasonable doubt. The only purpose this testimony is offered and permitted to go to the jury on the question of good character is for you to determine whether or not a person of such good character, if there is grave doubt as to his guilt, would be likely to commit such a crime. If the testimony is equally or evenly balanced, good character can be considered and should turn the scales in favor of such person. If, however, the proof on the part of the State convinces you beyond a reasonable doubt that this defendant had intercourse with the prosecuting witness, and it occurred within three years before the return of this indictment and in the confines of Lonoke County, then you should not consider any testimony with reference to his previous good character."

In a criminal prosecution, evidence of the accused's general good character is admissible with regard to the particular trait involved in the nature of the charge. The traits of character which may be proved must depend upon the nature of the crime charged and the moral wrong which is involved in its commission. *Kee* v. *State,* 28 Ark. 155; *Edmonds* v. *State,* 34 Ark. 720; *Ware* v. *State,* 91 Ark. 555; and *Whitley* v. *State,* 114 Ark. 243.

Under this rule the defendant introduced several witnesses who testified as to his general good moral character, and evidence was also adduced by the State tending to contradict the evidence in support of the defendant's good character.

It must be admitted that the instruction complained of is not in good form, but we do not think that the giving of it constitutes prejudicial error calling for a reversal of the judgment. In the first part of the instruction the jury are told that they were not authorized to

convict unless the proof establishes the defendant's guilt beyond a reasonable doubt. The jury are specifically told that in determining. this question they are to consider the evidence on character along with the other evidence in the case. It is true that at the end the court tells the jury that if the proof on the part of the State convinces them beyond a reasonable doubt of the defendant's guilt, then they should not consider any testimony with reference to his previous good character. As we have already seen, when the instruction is read as a whole, it is evident that the court did not intend to instruct the jury on the weight of the testimony. In other instructions the court told the jury that they could not convict the defendant unless his guilt was established beyond a reasonable doubt by the evidence for the State. This was also made plain to the jury in the instruction complained of. Therefore, the instruction did not mean to tell the jury that the evidence of good character could not be considered.

On the other hand, the jury were expressly told to consider this testimony along with the other testimony in the case, and not to convict the defendant unless they were satisfied beyond a reasonable doubt of his guilt by the evidence for the State. See *Woodall* v. *State,* 150 Ark. 394, and *Trimble* v. *State,* 150 Ark. 536.

Finally, it is insisted that the judgment should be reversed because of the remarks made by the prosecuting attorney in his closing argument. We copy from the record the remarks of the prosecuting attorney complained of, and the statement of the court in response to the request of the defendant to strike the argument from the record. It is as follows:

"Gentlemen of the Jury, Mr. Thos. C. Trimble, attorney for the defendant, has stated in his argument, that a former jury had acquitted the defendant on a similar charge alleged to have been committed on the sister of the prosecuting witness; and the evidence in that case was stronger than the charge now on which he is being

tried. In reply to this, I want to say, that when this jury returned to their homes, they could not with clear conscience look their wives and daughters in the face, and until they meet their Maker, their consciences would burn them for the part they had taken in thwarting justice.'' To which argument the defendant objected at the time, and asked that same be stricken from the record. Thereupon the court stated: ''I have failed to hear the statement of Mr. Trimble, but, had I done so, I would have excluded same from the consideration of the jury. The jury has nothing to do with what any former jury did in another case; they are to make up their verdict upon the evidence and the law previously given them.''

It will be noted that the court specifically directed the jury to render its verdict alone upon the law and the evidence in the present case. We think the action of the court eliminated any prejudice that might have resulted to the defendant from the remarks of the prosecuting attorney.

Moreover, the error complained of was invited by the action of the defendant's attorney in his argument to the jury. Therefore the defendant is not entitled to have a reversal of the judgment on this account.

We find no prejudicial error in the record, and the judgment will be affirmed.