## LENTZ v. STATE.

### Opinion delivered June 15, 1925.

1. CRIMINAL LAW—CHARACTER EVIDENCE.—The prosecution may not resort to proof of accused's bad character as a circumstance from which to infer guilt, since, if such testimony should be admitted, the accused might be overwhelmed by prejudice, instead of being tried upon evidence affirmatively showing his guilt of the specific offense with which he is charged.

2. CRIMINAL LAW—EVIDENCE AS TO REPUTATION.—The general good character of the defendant in a criminal case is always admissible with regard to the particular trait involved in the charge against him, but the State is not privileged to offer character evidence except by way of rebuttal.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; reversed.

*J. F. Koone* and *J. F. Henley,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

WOOD, J. This is an appeal from a judgment sentencing the appellant to two years' imprisonment in the State penitentiary on a verdict finding him guilty of voluntary manslaughter in the killing of Herbert Rhoades. The testimony of the witnesses for the State tended to support the verdict. The testimony of witnesses for the defendant tended to prove that Rhoades was the aggressor and that appellant cut and killed Rhoades in self-defense.

Over the objection of appellant, several witnesses for the State were permitted to testify that they were acquainted with the general reputation of the appellant in the community where he resided; that his reputation for being a quarrelsome, troublesome, fractious and over-bearing man was bad.   The appellant had not then called, and did not thereafter call, any witnesses to testify that his reputation was not that of a quarrelsome, trouble-some, fractious and over-bearing man.

The appellant contends that the ruling of the court in admitting the testimony of these witnesses is error for which the judgment should be reversed and the cause remanded for new trial.   The appellant is correct in his contention.   It is the well-settled doctrine of this court that the prosecution cannot resort to the accused's bad character as a circumstance from which to infer guilt; the reason being that, "if such testimony should be admitted, the defendant might be overwhelmed by prej-udice, instead of being tried upon evidence affirmatively showing his guilt of the specific offense with which he is charged." *Ware* v. *State,* 91 Ark. 555; *Younger* v. *State,* 100 Ark. 320; *Suffield* v. *State,* 120 Ark. 458.   This doctrine is not in conflict with the rule also announced long ago in this State, and never since departed from, that "a person upon trial for a crime charged against him has a right to offer in his defense testimony of his good character.   This is, and ought to be the general rule.   One limitation, however, is laid down by the authorities, namely, that in such case the character sought to be proved must not be general, but such as would make it unlikely that the defendant would be guilty of the particular crime with which he is charged."   In other words, the general good character of the defendant is always admissible on behalf of the defendant with regard to the particular trait involved in the nature of the charge where the defendant desires to make such proof.   *Key* v. *State,* 28 Ark. 155-164; *Edmunds* v. *State,* 34 Ark. 720-742; *Whitley* v. *State,* 114 Ark. 243-251; *Seaton* v. *State,* 151 Ark. 240-244.

To be sure, if the defendant has adduced evidence of his general reputation as to his good character concerning a particular trait or disposition, then the State, by way of rebuttal, may offer evidence as to the general reputation of the defendant's bad character concerning the particular trait or disposition involved in the charge against the accused. But the State is not privileged to offer such evidence except by way of rebuttal. See *Ware* v. *State, supra; Younger* v. *State, supra; Suffield* v. *State, supra;* Underhill on Evidence, § 137; 2 Rice on Evidence (Civil) § 508.

For the error indicated the judgment is reversed, and the cause will be remanded for a new trial.