PINK *v.* STATE.

Opinion delivered November 14, 1927.

1. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—In a prosecution for manufacturing intoxicating liquor, the statement in the prosecuting attorney's closing argument that the fact that beer was found in accused's home showed that he either manu-

factured it, or was interested in its manufacture, *held* not error, being a legitimate inference from the testimony.

2. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—In a prosecution for manufacturing intoxicating liquors, where the attorney for the defendant had argued that defendant should not be convicted because he would be taken away from his little twelve-year-old girl, it was legitimate for the prosecuting attorney to reply that it would be better for the girl if accused were convicted, for it would take her out of the influence of, and away from, the immorality in which she was participating.

3. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction for manufacturing intoxicating liquors.

Appeal from Sebastian Circuit Court, Greenwood District; *J. Sam Wood,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Sebastian County, Greenwood District, for manufacturing intoxicating liquor, and, as a punishment therefor, was adjudged to serve a term of one year in the State Penitentiary.

The testimony introduced by the State showed that appellant's home, in said district and county, was searched by the sheriff of the county and one of his deputies, under authority of a search warrant, and that, although appellant denied having chock beer in the house, they discovered, under a loose plank of the floor in one of the rooms, a sixteen-gallon keg, partially buried, which contained a quantity of chock beer, and five full jars and a dozen or more jars partly full of the stuff. There was a dipper and a strainer in the keg with which to dip the beer off. Appellant admitted, after the discovery of the chock beer, that he made it out of certain ingredients in the house, and an analysis of the beer by the chemist disclosed that the beer contained six per cent alcohol by volume. Appellant and his little daughter, twelve years of age, resided in their home. A man by the name of Disbaugh stayed around the house a part of the time, but disappeared a few days before the search was made.

The first ground in appellant's motion for a new trial is that the court permitted the prosecuting attorney

to state, in his closing argument, that the fact that the beer was found in appellant's house showed that he either manufactured it or was interested in the manufacture thereof. We think this a legitimate inference from the testimony, which the prosecuting attorney had a right to draw and argue. It is perfectly proper for a prosecuting attorney to draw legitimate inferences from the testimony and urge them as reasons for a conviction.

The second ground in appellant's motion for a new trial is that the trial court permitted the prosecuting attorney to state that it would be better for his little girl if he were convicted, for it would take her out of the influence of and away from the immorality in which she was participating. This argument was made by the prosecuting attorney in his closing speech, in response to an argument made by appellant's attorney to the effect that he should not be convicted, for he would be taken away from his little girl. If it was error for the prosecuting attorney to make this argument, it was invited by appellant's own attorney, and he cannot complain. *Davis* v. *State,* 150 Ark. 500, 234 S. W. 482; *Seaton* v. *State,* 151 Ark. 240, 235 S. W. 794.

The third, fourth and fifth grounds for appellant's motion for a new trial are that the verdict is contrary to the law and the evidence. The testimony is legally sufficient to support the verdict, and the law applicable to the facts was correctly declared by the court.

No error appearing, the judgment is affirmed.