Amos *v.* State.

4396                                    189 S. W. 2d 611

Opinion delivered October 1, 1945.

56

[redacted]

*Roy Gean,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McFADDIN, J. Appellant was convicted of the crime of carnal abuse (§ 3406, Pope's Digest); and presents this appeal. His motion for new trial contains nine assignments.

*Assignments Nos. One to Four* relate to the sufficiency of the evidence; and these assignments are without merit. The prosecuting witness (the girl) testified to the acts of intercourse and the dates and venue. A physician testified to penetration. The age of the girl was shown by the testimony of herself and her mother. Venue was also shown by other witnesses. The evidence was sufficient. For cases involving carnal abuse, where the sufficiency of the evidence is discussed, see: *Gray* v. *State,* 125 Ark. 272, 188 S. W. 820; *Stinson* v. *State,* 125 Ark. 339, 189 S. W. 49; *Ragsdale* v. *State,* 132 Ark. 210, 200 S. W. 802; *Tugg* v. *State,* 206 Ark. 161, 174 S. W. 2d 374.

*Assignment No. Five* relates to instructions. No specific objection was made to any instruction; and a study of the record shows that each was correct as against a general objection.

*Assignment No. Six* relates to the extent and scope of the cross-examination of Jones, who was a character witness for the defendant. The defendant offered evidence of his good reputation in the community for truth and morality. This he had a right to do; for in *Seaton*

v. *State,* 151 Ark. 240, 235 S. W. 794, we said that the trait of character to be covered by the question depended on the crime charged and the moral wrong involved in its commission. Since carnal abuse involves immorality, the reputation of the defendant for morality could be shown by him in defense. See, also, 20 Am. Juris. 307. The witness Jones testified that he had known the defendant all of his life; and for the past several years had lived one block from the defendant and had sold him groceries regularly; that the witness knew defendant's general reputation in the community for truth and morality, and that it was good. On cross-examination the State undertook to show that the witness did not know the general reputation of the defendant in the community. We copy from the record:

"Q. Did you know in March, 1943, he was convicted and fined $25 for beating his wife? A. No, sir. Q. If you had known that, would it have affected your testimony as to his reputation? A. If I knew the whole thing, both sides, it might. Defendant objected; objection overruled; defendant excepted. Q. Did you know that on the 29th of March, 1944, in Paris, Arkansas, he was fined on account of some bad checks or overdrafts? Defendant objected; objection overruled, defendant excepted. Would you say he had a good reputation if you had known that? A. I didn't know it. Q. Did you know that he had been examined and sent to Hot Springs for a venereal disease? Defendant objected; objection overruled; defendant excepted. A. I didn't know that. Q. If you had known that, would it have affected your testimony as to his reputation? A. It wouldn't have looked very good. Q. Did you know that in March this year, 1945, he was convicted and fined $25 for assault? Defendant objected; objection overruled; defendant excepted. Q. Did you know that in July, 1943, he was fined $15 in the lower court for gambling? Defendant objected; objection overruled; defendant excepted. Q. Did you know in March this year, 1945, he was fined $25 for assault? Did you know that? A. No, sir. Defendant objected; objection overruled; defendant excepted. Q.

Did you know that in September, 1934, he was convicted of assault? Defendant objected, overruled and defendant excepted. Q. Do you know anything else that is material? A. No, sir.''

It will be observed that only a general objection was made to the cross-examination. The rule is well settled that a general objection is insufficient to call the court's attention to the fact that evidence admissible for one purpose is inadmissible for another purpose. If the evidence is admissible for any purpose, then the objecting party must ask the court to limit the evidence to the one admissible purpose, or the objection is wholly unavailing. See *Bodcaw Lumber Co.* v. *Ford,* 82 Ark. 555, 102 S. W. 896; and cases collected in West's Arkansas Digest, ''Trial,'' §§ 85 and 86. So, if the cross-examination here objected to was admissible for any purpose, then the assignment is without merit. Was the cross-examination proper for any purpose?

Appellant argues that this cross-examination was an attempt to show specific acts of misconduct too remote to have any bearing on the case at bar, and forced the accused to defend himself on other acts for which he was not then being tried. If that was the sole purpose and effect of the cross-examination, then it would be violative of the rule stated by this court in *Ware* v. *State,* 91 Ark. 555, 121 S. W. 927, and followed in *Belford* v. *State,* 96 Ark. 274, 131 S. W. 953; and also in *Tullis* v. *State,* 162 Ark. 116, 257 S. W. 380.

But in *Clark* v. *State,* 135 Ark. 569, 205 S. W. 975— and without citing *Ware* v. *State, supra*—we pointed out that the character witness might be cross-examined as to particular acts of misconduct of the defendant, *in order to test the value of the knowledge of the character witness*; and we there said: ''Appellant had voluntarily put his reputation in issue, and the witness had testified that it was good, and it was not, therefore, improper to interrogate the witness as to the basis of this opinion. The rule in such cases is announced as follows in 10 R. C. L., p. 953, § 124: 'Accordingly, evidence of defend-

ant's good character by general reputation cannot be rebutted by evidence of particular acts of misconduct or crime, and that by rumors and reports in the country. But a witness as to character may, on cross-examination, be interrogated as to what he had heard in the community touching the character of the party inquired about. This is to afford a test of the value of his evidence in chief, to show that his conclusions as to the reputation' in issue, and which rests upon the estimation of the community, is not supported by the expressions of that estimation, and thus to weaken its force.' "

See, also, *Carr* v. *State,* 147 Ark. 524, 227 S. W. 776, and *Weakley* v. *State,* 168 Ark. 1087, 273 S. W. 374. In *Powell* v. *State,* 149 Ark. 311, 232 S. W. 429, this court pointed out that evidence of specific acts could be limited by the court on request of counsel, saying: "In admitting this testimony the court told the jury that the testimony could not be considered upon the question of guilt or innocence of the accused, and expressly limited it to the credibility of the witness. As thus limited, the testimony was competent. *Hunt* v. *State,* 114 Ark. 239, 169 S. W. 773, L. R. A. 1915B, 131, Ann. Cas. 1916D, 533; *Ware* v. *State,* 91 Ark. 555, 121 S. W. 927."

In 20 Am. Juris. 306, the rule is stated: "Upon cross-examination, however, some decisions allow a wider scope in the matter of specific crimes. A witness as to character may, on cross-examination, be interrogated as to what he has heard in the community respecting the character of the party inquired about."

In 71 A. L. R. 1504 there is an extensive annotation on the subject, "Cross-Examination of Character Witness for Accused with Reference to Particular Acts or Crimes"; and it is there stated:

"According to the overwhelming weight of authority, a witness testifying to the good reputation or character of a defendant in a criminal prosecution may be interrogated on cross-examination with respect to rumors or reports of particular acts imputed to the de-

fendant, and as to what the witness has heard of specific charges of misconduct made against the defendant.

. . . . .

"The purpose of the cross-examination of the defendant's character witness with reference to particular acts of the defendant is not to establish such acts as facts, or to prove the truth of the rumors or charges inquired about, but merely to show the circulation of rumors of such acts, and to test the credibility of the character witness, by ascertaining his good faith, information, and accuracy." See, also, 22 C. J. 483.

The cross-examination of the witness Jones in the case at bar was proper, to test his knowledge under the above-quoted rule from *Clark* v. *State*. The appellant failed to ask the court to limit the cross-examination to the point for which it was competent, so the general objection was unavailing; and the assignment is, therefore, without merit.

*Assignment No. Seven* relates to cross-examination of a witness named Kellogg, but referred to in the motion for new trial as named Oldham. A careful reading of the record discloses that no objection of any kind was made to the cross-examination; so there is nothing on which to base this assignment. See *Wilkerson* v. *White,* 182 Ark. 1014, 33 S. W. 2d 365.

*Assignment No. Eight* relates to the evidence of the truant officer. She testified that she had received complaints that a cab driver was picking up a girl at junior high school, and the truant officer testified that she made an investigation and learned from the prosecuting witness the name of the defendant; and that she made this investigation on April 19th. The only statement to which objection was made was: "I had information that a cab driver had been going to the junior high school and picking up a young girl." There was no error in admitting this statement. It merely showed why the truant officer made an investigation, and thereby fixed the date of the acts for which the defendant was being

tried. The remark was merely explanatory of how the truant officer fixed the date of the offenses charged. See *Reeves* v. *Jackson*, 207 Ark. 1089, 184 S. W. 2d 256. There is no merit in this assignment.

*Assignment No. Nine* relates to the refusal of the court to allow testimony to the effect that the prosecuting witness had gone to a tourist court with a man other than the defendant. The court instructed the jury to consider this evidence only on the question of the credibility of the prosecuting witness, and not for the purpose of showing acts of intercourse with others as a defense for the defendant on trial. The appellant complains of this limitation. The trial court was correct. In carnal abuse cases, acts of intercourse by the prosecuting witness with others cannot be shown as a defense by the defendant on trial. See *Smith* v. *State*, 90 Ark. 435, 119 S. W. 655; *Gray* v. *State*, 125 Ark. 272, 188 S. W. 820.

Finding no error, the judgment of the circuit court is in all things affirmed.