RICHARDSON AND SHOOP *v.* STATE.

4723                                            254 S. W. 2d 448

Opinion delivered February 2, 1953.

*Harold C. Rains, Jr., Batchelor & Batchelor* and *Robinson & Edwards,* for appellants.

*Ike Murry,* Attorney General, and *Dowell Anders,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. The appellants, Richardson and Shoop, were jointly charged, tried and convicted

of grand larceny. Richardson's motion for new trial contains eight assignments, and Shoop's contains fourteen assignments. We group and discuss all of these in convenient topic headings:

I. *Sufficiency of the Evidence.* The appellants were charged with feloniously stealing and carrying away from the field of Willis Arnold, 179 dozen ears of corn, of the total value of $44.75. It was shown that at 3:15 A.M. the Van Buren city officers found the two appellants and a third person in a parked car, which was loaded with freshly pulled corn. The appellants showed the result of recent drinking of intoxicants. They claimed they had purchased the corn from Logan Gentry. The person in the car with the appellants accompanied the officers to Willis Arnold's corn field. There, tire tracks showed where a vehicle had been parked, and footprints showed where persons had come from the corn field to the car. The officers testified (a) that the tire tracks in the field were similar to those made by the car in which the appellants had the corn; (b) that the shoe tracks in the field were similar to those of the appellants; and (c) that the corn found in appellants' possession was similar to the other corn still on the stalks in Arnold's field. We will discuss the competency of the officers' testimony on these points in Topic II, *infra.* The value of the corn found in the appellants' car was established at $44.75. Logan Gentry testified that he did not sell or give corn to the appellants.

Without stating all of the evidence in further detail, it is sufficient to say that, viewing it in the light most favorable to the State,[1] and holding the questioned evidence to be competent, as discussed in subsequent Topics herein, we hold the evidence sufficient to sustain the verdict against each appellant. See *Duty* v. *State,* 212 Ark. 890, 208 S. W. 2d 162; and *Jackson* v. *State,* 101 Ark. 473, 142 S. W. 1153.

II. *Testimony of Non-Expert Witnesses.* Appellants claim that the Trial Court committed error in al-

[1] This is our rule on appeal in criminal cases like this one. *Bedford* v. *State,* 187 Ark. 1162, 59 S. W. 2d 590; and *Dowell* v. *State,* 191 Ark. 311, 86 S. W. 2d 23.

lowing the officers, as non-expert witnesses, to testify as to the similarity (a) of the car tracks in the field to tracks made by appellants' car; (b) of the footprints in the field to appellants' footprints; and (c) of the corn found in appellants' car to the corn remaining on the stalks in Arnold's field.

In *Miller* v. *State,* 94 Ark. 538, 128 S. W. 353, in discussing non-expert evidence, we said:

"Furthermore, the opinions of ordinary witnesses, derived from observation, may be given in evidence in cases where, from the nature of the subject, the facts cannot be otherwise properly presented to the jury. 'Where the facts are of such a character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the triers to draw a correct or intelligent conclusion from them without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusions, judgment, or opinion.' 6 *Thompson on Negligence,* Sec. 7750.

"Frequently, the opinion of a witness as to the appearance of an object he has seen is the best and only evidence obtainable, and therefore such statements of the witness are admissible. 5 *Enc. Ev.* 677; *Lawson on Expert & Opinion Ev.* (2nd Ed.) 512. Thus it has been held that a witness may testify that spots and spatters on a thong were blood; and that blood seen by the witness was fresh blood. *Greenfield* v. *People,* 85 N. Y. 75; *State* v. *Bradley,* 67 Vt. 465; *People* v. *Loui Tung,* 90 Cal. 377. In the case of *Commonwealth* v. *Dorsey,* 103 Mass. 412, a witness was permitted to testify that certain hairs were human."

Again in *Trimble* v. *State,* 150 Ark. 536, 234 S. W. 626, in discussing non-expert testimony as to similarity to footprints, we said:

"Stokes, the person assaulted, was permitted to testify, over appellant's objection, that certain tracks which he found in his yard the next day after the shooting were

the same tracks which he had followed around his field— these last being tracks admittedly made by appellant. The objection to the question is that it called for the opinion of the witness upon a subject upon which he had not shown himself qualified to testify as an expert. We do not think the objection well taken.''

In *Thurman* v. *State*, 211 Ark. 819, 204 S. W. 2d 155, many of our cases are listed. See, also, Annotation in 31 A. L. R. 204. In the case at bar, the witnesses testified as to their observations and methods of comparison —whether physical or mental; and the acceptance of the reliability of such testimony became a matter for the jury to decide. The Court committed no error in admitting any of such evidence.

III. *The Grade of Larceny.* The value of the corn found in appellants' car was shown to be $44.75, and this value was enough to make the offense grand larceny,[2] if the jury believed the corn was stolen from Arnold's field. It is practically undisputed that the corn found in appellants' possession was stolen;[3] but it is claimed that a portion of it was stolen from some one other than Willis Arnold. The effect of this contention is that if appellants were guilty of anything, they were guilty of a series of petty larcenies, rather than one act of grand larceny. It is true that appellant Shoop testified that some of the corn came from Osborn's field; and it is also true that some corn was stolen by some one from Wofford's field: but it was for the jury to decide from whom appellants stole the corn found in their possession. There was ample evidence to warrant the jury's verdict that all of the corn found in the appellants' car had been

[2] Act No. 243 of 1949 amended § 41-3907 Ark. Stats. so that the value of the stolen property must now exceed thirty-five dollars in order for the offense to be grand larceny.

[3] In the brief for Shoop there is this statement: ". . . if the defendants took corn of Mr. Arnold, they had also taken corn belonging to some other person too and there were two distinct larcenies, the number of pounds and value in each larceny not being in evidence and nothing from which the jury could determine the number of pounds or value in each larceny . . ." In the Richardson brief, there is this statement: "Other corn was missing in the bottoms that night, however, the jury and the officers saw fit to assume the corn came from Mr. Arnold's field."

stolen from the field of Willis Arnold. The value of that corn would make the offense to be grand larceny.

## Conclusion

We have examined all of the assignments of error in the two motions for new trial and find them without merit. Therefore, the judgment against each appellant is affirmed.