118

*Wright, Lindsey & Jennings,* for appellant.

*Williams & Gardner,* for appellee.

ED. F. McFADDIN, Justice. The only issue which the appellants urge relates to the ruling of the Trial Court in admitting into evidence a statement of account. The appellants state their point: "The lower Court committed prejudicial error in admitting in evidence the statement of Dr. A. C. Linton."

Appellees, Mr. and Mrs. Burris, are an elderly couple. In January 1964 the car in which they were riding was struck by a gravel truck owned by the appellant, Dewey Frances, and being driven by his employee, the appellant, Harvey Lee Wood. Mrs. Burris received serious and painful injuries; this action for damages resulted; and the jury verdict and judgment were for Mrs. Burris for a substantial amount. Dr. Roy Millard testified in detail as to Mrs. Burris' injuries and the treatment she had received from him. Without objection, the appellees introduced: (a) one hospital bill of $674.90; (b) another hospital bill for $133.35; (c) another hospital bill for $297.06; (d) bill paid Walker's Drug Store of $13.96; (e) bill paid Hector Drug Store of $75.00; (f) rent on a hospital bed of $40.00; and (g) an ambulance bill of $31.80. Then the appellees offered in evi-

dence the bill of Dr. A. C. Linton for $120.00; and the only question on this appeal concerns the ruling of the Court in admitting Dr. Linton's bill into evidence. The bill was worded as follows:

"6/10/65 To Whom This May Concern: A true estimate of the visits to see Mrs. John Burris, the lady who was injured in a car wreck: 10 visits, $10.00 each; 10 office calls, $2.00 each. A. C. Linton, M. D."

When Dr. Linton's bill was first offered in evidence, appellants objected on the basis that there was nothing to show that Dr. Linton's visits and office calls were because of the traffic mishap in which Mrs. Burris was injured; but this objection was answered by the testimony of Mr. Burris, who stated that all of the dealings with Dr. Linton were incurred because of the traffic mishap. The appellants also urged that Dr. Linton's bill was a hearsay statement[1] and could not be introduced in evidence without Dr. Linton being called to testify as a witness.

We find no merit in appellants' contention. Mr. Burris testified that Dr. Linton made ten house calls at $10.00 each; and that on ten other occasions Mr. Burris went to Dr. Linton's office to get prescriptions for Mrs. Burris to relieve her intense pain. Dr. Linton's bill did not constitute hearsay evidence. There was no effort to show by Dr. Linton's bill for $120.00 the nature and extent of Mrs. Burris' injuries. That testimony had been furnished by Dr. Roy Millard. The only purpose of introducing Dr. Linton's bill was to show one of the items of expense incurred because of the injuries Mrs. Burris sustained in the traffic mishap; and the bill of Dr. Linton was just as admissible, supported by the testimony of Mr. Burris, as were the hospital bills and the ambulance bills and the others previously mentioned. Certainly the bill was admissible to show an expenditure by

[1]Appellants call particular attention to the annotation in 10 A.L.R. 2d 1035, entitled, "Written recitals or statements as within rule excluding hearsay."

Mr. Burris. If the appellants had wanted the bill limited to that purpose, they should have requested such limitation. In *Amos* v. *State,* 209 Ark. 55, 189 S. W. 2d 611, we said:

"If the evidence is admissible for any purpose, then the objecting party must ask the court to limit the evidence to the one admissible purpose, or the objection is wholly unavailing. See *Bodcaw Lbr. Co.* v. *Ford,* 82 Ark. 555, 102 S. W. 896; and cases collected in West's Ark. Digest, 'Trial,' §§ 85, 86."

Finding no error, the judgment is affirmed.