## BOND *v.* STATE.

Opinion delivered February 27, 1897.

CARNAL ABUSE—ACCOMPLICE.—In the crime of carnally abusing a female person under the age of consent, such female is not an accomplice, within the rule requiring the testimony of an accomplice to be corroborated.

TRIAL—PRESENCE OF DEFENDANT.—It is not reversible error, in the absence of the defendant in a felony case, to grant his request for a change of venue.

APPEAL—PRESUMPTION.—The failure of the record on appeal to show affirmatively that the defendant in a bailable felony case was present when the verdict was rendered is not ground for reversal, as it will be presumed either that defendant was voluntarily absent on bail, or that he was present when the verdict was rendered.

Appeal from Clay Circuit, Western District.

FELIX G. TAYLOR, Judge.

STATEMENT BY THE COURT.

The appellant was convicted of carnally abusing a female under the age of sixteen years, and appealed to this court. The injured girl was introduced as a witness, and testified against the defendant, who asked the court to instruct the jury that she was an accomplice, and that he could not be convicted upon her testimony alone, unless the same was corroborated. This the court refused to do, to which refusal the appellant excepted. There was a change of venue in the case, and the record fails to show that the appellant was present when the order for the change was made. The record does not show affirmatively that the defendant was present when the verdict was returned into court by the jury. These are all the grounds in the motion for new trial. It does not appear from the record whether the defendant was on bail when the trial was had, or whether he was in jail; whether his absence when the verdict was returned was voluntary or enforced.

*N. F. Lamb* for appellant.

1. A defendent cannot be convicted of carnal abuse upon the uncorroborated testimony of the prosecutrix. 13 S. W. Rep. 392; Whart. Cr. Ev. sec. 388; 98 N. Y. 630, 632; 54 Barb. 306; 39 Cal. 393; 12 S. E. 574; 8 So. Rep. 821; 16 S. W. Rep. 511; 51 N. W. Rep. 1146; 20 S. W. Rep. 756; 31 N. E. Rep. 798; 15 So. Rep. 66; 110 N. Y. 118; 50 N. W. Rep. 758; 36 N. Y. Sup. 398; 67 N. W. Rep. 611; 36 S. W. Rep. 585; 22 S. E. Rep. 863; 42 Pac. Rep. 1; 25 S. W. Rep. 27; Parkers's Cr. Rep. 455.

2. The court erred in receiving the verdict in the absence of defendant. He must be present when any

substantive step is taken. Sand. & H. Dig., sec. 2185; 24 Ark. 620, 627. Returning the verdict is a substantive step. 5 Ark. 431; 10 *id.* 318. These decisions have been overruled as to the voluntary or willful absence of the defendant, but in other respects are still, the law. 55 N. W. 566; 1 Bish. Cr. Pr. secs. 271 2; Wharton, Cr. Pl. & Pr. secs. 747, 750, 540, 545, 547, 549; 8 Pac. Rep. 620; 61 N. W. Rep. 907; 19 S. E. Rep. 161. The record must affirmatively show his presence. 24 Ark. 620; 44 *id.* 331; 1 Chitty, Cr. Law, 337, 411, 414; 11 So. Rep. 172; 27 Mo. 332; 55 N. W. Rep. 566.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. Appellant asked for the change of venue, and his presence was not necessary. 45 Ark. 165; 44 *id.* 331.

2. A child under sixteen, carnally abused, cannot be an accomplice. She cannot consent. S. & H. Dig., sec. 1865; 27 S. W. Rep. 83; 11 Gray, 93; 116 Mass. 343; 22 Minn. 238; 155 Mass. 274; 29 N. Y. 523; 98 N. Y. 630; 5 N. Y. Cr. Rep. 120; 39 N. J. L. 598; 9 Tex. App. 237; 124 Mass. 21; 50 Conn. 92; 22 Pick (Mass.) 476; 36 Ala. 242. One whose connection with the forbidden act does not render him liable to indictment therefor is not an accomplice. Cases *supra*.

3. The record does not show defendant was absent, and, in the absence of such showing, he will be presumed to have been present. 52 Ark. 404; 38 *id.* 568; 26 *id.* 647; 26 *id.* 398; 46 *id.* 67.

HUGHES, J., (after stating the facts.) Section 1865 of Sandels and Hill's Digest provides that "every person convicted of carnally knowing or abusing any female person, under the age of sixteen years, shall be imprisoned in the penitentiary for a period, not less than five nor more than twenty-one years."

<div style="margin-left:2em">Victim of carnal abuse not an accomplice.</div>

A girl under sixteen years is not an accomplice, within the meaning of the law, in case of carnal abuse of herself. She is incapable of consenting. Obtaining

carnal knowledge of a girl under sixteen years of age with or without her consent is punishable under this statute. While it has been held that, in cases of seduction, bastardy, adultery and abortion, the defendant cannot be convicted upon the uncorroborated testimony of the injured party alone, because she is an accomplice, these authorities will not apply in a case of carnal abuse of a female under sixteen years of age, because she cannot be an accomplice, but is a victim. *Whitaker v. Commonwealth* (Ky.), 27 S. W. 83.

The defendant having asked for the change of venue, it was not reversible error to make the order for the change in his absence. *Polk* v. *State*, 45 Ark. 165. *Granting venue in defendant's absence.*

Is the fact that the record does not affirmatively show that the defendant was present when the verdict was returned into court by the jury ground for reversal in this case? *Presumption on appeal as to defendant's presence.*

Section 2185, Sandels & Hill's Digest, provides: "If the indictment be for a felony, the defendant must be present during the trial. If he escapes from custody after the trial has commenced, or, if on bail, shall absent himself during the trial, the trial may either be stopped, or progress to a verdict, at the discretion of the prosecuting attorney, but judgment shall not be rendered till the presence of the defendant is obtained." Before the passage of this statute, it was held in *Brown* v. *State*, 24 Ark. 620, "that, in prosecutions for felony the defendant must be personally present at each and every trial when any step is taken by the court in his cause, and that the record must affirmatively show the fact,"—citing *Sweeden* v. *State*, 19 Ark. 209; *Sneed* v. *State*, 5 Ark. 431; *Cole* v. *State*, 10 Ark. 518. In *Bearden* v. *State*, 44 Ark. 331, this ruling is approved, and it is said the defendant is not called upon to show prejudice, but that it is sufficient if it appears he might have lost an advantage or been prejudiced by the proceedings.

But in the Bearden case it affirmatively appears that the defendant was absent when the proceedings complained of were had.

The old rule that, in a felony case, the judgment will be reversed unless the record affirmatively shows that the defendant was present when every substantive step was taken in his case is still adhered to in many states. And this is the common-law rule. See Clark's Cr. Procedure, sec. 148, p. 424, and cases there cited. But we see from the above section (Sandels & Hill's Dig., § 2185) that, while it is the right of the defendant on trial for a felony to be present when any substantive step is taken by the court in his case, yet, if he abscond after the trial commences, or, if on bail, he absent himself during the trial, the trial may progress to a verdict in his absence. It does not appear here that the defendant was not on bail, and that his absence was not voluntary. The offense was a bailable offense, and the record entries, while they show nothing as to the absence or presence of the defendant, are in such language as that it might be inferred that he was present. If on bail, he was not required to be present when the verdict was rendered; and, if voluntarily absent, he cannot complain that the verdict was received in his absence. Under this statute (sec. 2185, Sand. & H. Dig.), if his absence was not voluntary, but enforced, he should show the fact, for, until the contrary is shown, it will be presumed that the defendant was present, or that he was voluntarily absent. "All reasonable intendments will be made in order to support the verdict where the record contains nothing sufficient to justify its overthrow, and this doctrine is nothing more than a reasonable application of the general rule that a breach of sworn duty must be clearly shown." Elliott, App. Pro. sec. 724.

"Where the record shows the presence of the accused at the opening of the trial, it has been held that

it will be presumed that he was present throughout the entire proceedings." Elliot, App. Pro. secs. 291, 725; *Welsh* v. *State*, 126 Ind. 71; *People* v. *Sing Lum*, 61 Cal. 538; *Carper* v. *State*, 27 Ohio St. 572; *Bend* v. *State*, 23 Ohio St. 349; *Bartlett* v. *State*, 28 Ohio St. 669. "The general presumption is that the judgment of a judicial tribunal is supported by whatever is essential to its validity and effectiveness, * * * * where their lack of support does not appear affirmatively." Elliott, App. Pro. sec. 718. "*Omnia præsumunter rite et solemniter esse acta donec probetur in contrarium.*" Co. Litt, 355.

It would have been an easy matter, if the defendant was prevented from being present, by confinement in jail or otherwise, at the time the verdict was returned into court, for him to have shown the fact, and embodied the evidence in his bill of exceptions. This he did not do, and we must presume that he was voluntarily absent, or that he was present when the verdict was returned.

Let the judgment be affirmed.

BUNN, C. J. I concur in the judgment of affirmance in this case, but, as to the question of the presence or absence of the defendant when the verdict was rendered, I do so for a somewhat different reason than that assigned in the opinion of the court, because I am of the opinion that the record shows that the defendant was on bail at the beginning of his trial, and not in custody of the sheriff, as it would necessarily have shown had he not been on bail; and the presumption is that his status continued the same throughout the trial, the contrary nowhere else appearing. If on bail, it was not irregular to receive the verdict of the jury, although he may not have been present in court at the time, since, by reason of his being on bail, he was in the full

enjoyment of his personal liberty to go and come at will, provided he had committed no breach of his bond, so as to forfeit his liberty. He was presumptively present; and if he were not actually present, he should affirmatively show he was absent, and not voluntarily absent.