## RAGSDALE *v.* STATE.

### Opinion delivered January 21, 1918.

1. CHANGE OF VENUE—CRIMINAL CASE—NAME OF COURT TO WHICH CAUSE IS SENT.—The transfer of a cause, on change of venue, from the Johnson Circuit Court to the "Morrilton Circuit Court," is only a clerical error which can result in no prejudice to the defendant, where the cause was transferred to the circuit court of Conway county, of which county Morrilton is the county seat.

2. JUDICIAL NOTICE—COUNTY SEATS.—This court takes judicial knowledge of the fact that Morrilton is the county seat of Conway county, and that the Conway Circuit Court is held at Morrilton.

3. CARNAL KNOWLEDGE—CONVICTION UPON TESTIMONY OF PROSECUTRIX.—In a prosecution for carnally knowing a female under sixteen years of age, a conviction may properly be had upon the uncorroborated testimony of the prosecutrix alone.

4. TRIAL—OPENING STATEMENT—IMPROPER LANGUAGE.—In a prosecution for carnal knowledge, remarks of the prosecuting attorney *held* not prejudicial to the defendant.

5. TRIAL—IMPROPER ARGUMENT—ADMONITION BY COURT.—In a criminal trial the prosecuting attorney made improper remarks in argument. Where the court rebuked the attorney in the presence and hearing of the jury, and said that such statements had been excluded from the jury's consideration, the court's remark is tantamount to admonishing the jury not to consider the statements.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*J. T. Bullock, J. J. Montgomery* and *Hays & Ward,* for appellant.

1. There was no transcript filed in the circuit court of Conway County and it had no jurisdiction. The transcript was imperfect and there were file marks showing it was filed. Kirby's Digest, §§ 2326-7-8; 38 Ark. 221; 36 *Id.* 237; 48 *Id.* 94; 72 *Id.* 145; *Ib.* 613; 102 *Id.* 653. There is no such court as the Morrilton Circuit Court.

2. Appellant should have been acquitted on the testimony. The State relied on the testimony of the prosecutrix alone, and she was contradicted in many ways. Her testimony was not corroborated.

3. The remarks of the prosecuting attorney were highly improper and prejudicial and the jury were not properly admonished. 58 Ark. 473; 12 Cyc. 571 and notes; 73 Ark. 453; 58 *Id.* 353; 65 *Id.* 619; 70 *Id.* 305.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The testimony is sufficient. Kirby's Digest, § 2008; 65 Ark. 508. No corroboration of the prosecutrix was necessary. 63 Ark. 504. The jury were the judges of the weight of the evidence. 104 Ark. 162; 101 *Id.* 51.

2. The remarks of counsel were not improper nor prejudicial, but if so, the court corrected the error, if any, by its vigorous action. 84 Ark. 16; 81 *Id.* 25; 80 *Id.* 495; 65 *Id.* 475; 75 *Id.* 246; 67 *Id.* 365; 82 *Id.* 64; 88 *Id.* 602; 105 *Id.* 608.

3. A proper transcript was filed here before trial. 35 Ark. 118; 15 *Id.* 395; 19 *Id.* 178; 73 *Id.* 148; 16 S. W. 816. The "Morrilton Circuit Court" was a mere clerical error, not prejudicial and immaterial. 188 Ill. 545; 81 Mich. 240; 64 Cal. 369.

4. The motion in arrest was properly overruled. Kirby's Digest, § 2427.

HUMPHREYS, J. On the 2nd day of October, 1917, appellant was tried and convicted in the Conway Circuit Court, on change of venue from Johnson Circuit Court, of carnally knowing Viola Dunn, a female person under the age of sixteen years, and sentenced to imprisonment for one year. Motions in arrest of judgment and for new trial were filed and overruled, and from the judgment of conviction an appeal has been prosecuted to this court.

(1-2) It is insisted that the Conway Circuit Court acquired no jurisdiction of the case because an imperfect transcript was lodged in the Conway Circuit Court. Appellant went to trial without suggesting that the transcript was incomplete until the verdict was returned and a motion in arrest of judgment had been filed. Thereupon

the sentence was suspended and no other steps were taken until the transcript was perfected and filed. This proceeding was in keeping with the rule of practice laid down in *Bixby* v. *State,* 15 Ark. 395; *Green* v. *State,* 19 Ark. 178; *Binns* v. *State,* 35 Ark. 118, and *Lee* v. *State,* 73 Ark. 148. But it is said there is no file mark on the transcript and that this case is ruled by *Burris* v. *State,* 38 Ark. 221, and *Ball* v. *State,* 48 Ark. 94. In these cases there was nothing to show that the transcript had become a part of the record in the court to which the causes were transferred. In the instant case the record shows that a transcript was filed in the Conway Circuit Court. After the court had read the indictment, an objection was interposed to the reading thereof, for the reason that the same was not a certified copy of the original indictment. It would be far-fetched to treat this as an objection to the jurisdiction of the court over the case. No prejudice resulted to appellant on account of reading the indictment as it was an exact copy of the one contained in the amended transcript. In the case of *Lee* v. *State,* 73 Ark. 148, Mr. Chief Justice Cockrill, in referring to the statute providing that a judgment of conviction should be reversed for prejudicial errors only, said: ''The purpose of the statute was to obviate the necessity of reversing judgments of conviction on account of mere errors of form which do not affect the substantial rights of the defendant.'' The instant case was transferred from Johnson Circuit Court to Morrilton, Arkansas, and set for Tuesday of the first week of the next term of the Morrilton Circuit Court. Appellant contends that there is no such court known to the laws of Arkansas. This court knows judicially that Morrilton is the county seat of Conway County and that the Conway Circuit Court is held at Morrilton, the county seat. Knowing that much judicially, the conclusion is irresistible that the transfer of a criminal case from Johnson Circuit Court to Morrilton for trial in the Morrilton Circuit Court is a transfer of the case to the Conway Circuit

Court. It would be extremely technical to hold otherwise. The transfer of the cause to Morrilton, Ark., for trial in the Morrilton Circuit Court was a clerical error which resulted in no prejudice to the substantial rights of appellant.

(3) It is contended by appellant that the evidence is insufficient to support the verdict. The gist of the argument of learned counsel for appellant in support of this contention is, that the State relied upon the evidence of the prosecutrix alone for conviction, which was contradicted in many ways. It was within the province of the jury to pass upon the credibility of the witness, and the weight to be attached to her evidence. She was not an accomplice in the crime and the law does not require her testimony to be corroborated. There can be no question that she gave substantial testimony. She testified that appellant had sexual intercourse with her on two occasions in Johnson County, in the year 1916, when she was 14 years of age. On appeal this court will not disturb a verdict supported by substantial legal evidence. *Coats* v. *State,* 101 Ark. 51; *Rhea* v. *State,* 104 Ark. 162.

(4) The prosecuting attorney was permitted to say in his opening statement that, ''The defendant, John Ragsdale, began to abuse the little girl as far back as it is possible for a human being to do such a thing, and he continued to have intercourse with her from that time in Pope County, up until the year 1916, when they moved from that county to Johnson County, where he had the intercourse with which he stands charged in this indictment.''

In passing upon the latitude allowed counsel in an opening statement, this court has said: ''The object of the opening statement is to give the jury an outline of the evidence to be introduced and the nature of the issues to be tried. Counsel have no right to rehearse facts which can not be introduced in evidence, and the court should not allow counsel to state matters foreign to the issues, and which have a tendency to excite the

prejudice of the jury. The privilege allowed to counsel in this regard is largely within the discretion of the trial court, but is subject to review on appeal where it appears that there is a manifest abuse of its exercise." *Coats v. State,* 101 Ark. 51.

It is true the statement contained matter not subsequently proved, but there is nothing to show that it was made in bad faith. The matters set forth in the statement were not foreign to the issue, and might have been offered in proof. There was no manifest abuse in the exercise of the court's discretion in permitting the statement.

(5) In his closing argument, the prosecuting attorney made two statements in reference to appellant's mistreatment of his wife. Objections were made and sustained. In sustaining the first objection the court said, "Mr. Ragon, the court excluded that from the jury and you should not argue that. Proceed now with your argument." In sustaining the second objection the court said, "Mr. Ragon, the court told you a while ago not to repeat that argument, and if you persist in doing so I shall be compelled to fine you—but your time is up now."

The appellant saved an exception because the court did not specifically admonish the jury to disregard the statement. The court rebuked the attorney in the presense and hearing of the jury and said that the matters covered in the statement had been excluded from the jury's consideration. It was tantamount to admonishing the jury not to consider the statement.

It is insisted that the case should be reversed because the attorneys for the State persistently attempted to draw damaging facts foreign to the charge into the case. The facts related to appellant's misconduct toward his wife. The court promptly excluded such evidence whenever objection was made, and also excluded any remarks made by counsel for the State pertaining to matters foreign to the issues, and refused to permit further inquiry along those lines. We think the action of the

court in excluding all these matters was sufficient to safeguard appellant's right to a fair and impartial trial.

The judgment is affirmed.