GOODNAUGH *v.* STATE.

Crim. 3948

Opinion delivered September 23, 1935.

*O. D. Thompson* and *J. B. Perrymore,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams* and *Ormand B. Shaw,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted of carnally knowing Gladys Kimes, a girl un-

der sixteen years of age, in Crawford County, in August, 1934, and was adjudged to serve a term of one year in the State penitentiary as a punishment for the statutory crime, from which judgment is this appeal.

The first assignment of error for a reversal of the judgment is that the evidence is insufficient to support the verdict of the jury.

Gladys Kimes testified that in August, 1934, she and her sister attended church in her neighborhood in Crawford County, and that appellant had sexual intercourse with her near Pope School House and that, at the time, she was fifteen years of age.

Dr. John M. Stewart testified that he made an examination of Gladys Kimes, which revealed that she had had sexual intercourse.

Appellant introduced witnesses tending to establish an alibi in contradiction to her testimony. The jury accepted her testimony as true and refused to accept as true the testimony of appellant's witnesses contradicting her or in support of his alibi. The conflict in testimony presented an issue for determination by the jury and not by this court on appeal. On appeal this court will not disturb the verdict of a jury if supported by any substantial evidence, and we find ample substantial evidence in the record to support the verdict and judgment. No corroboration of the testimony of Gladys Kimes was required to sustain a conviction for carnal abuse. *Wilson* v. *State,* 177 Ark. 885, 7 S. W. (2d) 969.

The second and only other assignment of error for a reversal of the judgment is the refusal of the court to allow the individual jurors to testify in support of his motion for a new trial that some of the older jurors persuaded some of the younger ones to agree to the verdict by assuring them that the court would suspend the sentence. The verdict returned is as follows:

"We, the jury, find the defendant guilty as charged and assess his punishment at one year in the State penitentiary; we also recommend a suspended sentence."

The court properly excluded the proffered testimony of the several jurors on the ground that jurors are not permitted under our statute to impeach their own ver-

dict unless the verdict was arrived at by lot. Section 3220 of Crawford & Moses' Digest is as follows:

"A juror cannot be examined to establish a ground for a new trial, except it be to establish, as a ground for new trial, that the verdict was made by lot."

Reference is also made to the cases of *Smith* v. *State,* 59 Ark. 140, 26 S. W. 598, and *Wallace* v. *State,* 180 Ark. 627, 22 S. W. (2d) 395.

No error appearing, the judgment is affirmed.