PAUL H. MILLER ET AL v. STATE OF ARKANSAS

5-5530                              464 S. W. 2d 594

Opinion delivered March 15, 1971

*Skillman & Furrow, Bruce Ivy, Donald A. Forest, James Robertson* and *Jay F. Friedman,* for appellant.

*Joe Purcell,* Attorney General; *Don R. Rebsamen,* Asst. Atty. Gen., for appellee.

CONLEY Byrd, Justice. Appellants Paul H. Miller, Raymond Rowell and Charles A. Barron along with

James E. Cox were found guilty of obtaining property by false pretence. For reversal appellants raise the issues hereinafter discussed.

Lena F. Martin, about 85 years old, was the widow of a Cross County bank officer at Wynne, Arkansas. When the bank's management observed some excessive checks on her account, the bank personnel were instructed to require identification of anyone presenting her checks and to ask the bearer what the check was for. Between November 21, 1968 and December 30, 1968, over $4,000 was withdrawn by checks made payable to appellants or Cox. In each instance the check was submitted for payment on the day it was dated, the bearer identified himself by driver's license or social security number and stated that the check was for roofing repairs to Mrs. Martin's home. The State's evidence shows that less than $100 worth of repairs were made to the home during that time.

POINT No. 1. The record shows that the trial date was set six months earlier and two days before the trial date, the parties announced ready for trial. On trial date appellants made motions to quash the information which the trial court denied. We can find no abuse of discretion by the trial court. See Ark. Stat. Ann. § 43-1206 (Repl. 1964), *Thurman* v. *State*, 211 Ark. 819, 204 S. W. 2d 155 (1947), and *Beckwith* v. *State*, 238 Ark. 196, 379 S. W. 2d 19 (1964).

POINT No. 2. The trial court did not abuse its discretion in refusing appellants' motions for a severance. See *Ballew* v. *State*, 246 Ark. (June 2, 1969), 441 S. W. 2d 453. Furthermore, since the trial court struck all portions of the confessions of Cox and Barron referring to the other defendants, no problem of confrontation arose contrary to the holding in *Bruton* v. *United States*, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). See *Mosby* v. *State*, 246 Ark. 96°, 440 S. W. 2d 230.

POINT No. 3. We find no error in the admission

of the testimony of lay witnesses as to the mental capacity or competency of Mrs. Martin. See *Hill* v. *State,* 249 Ark. 42, 458 S. W. 2d 45. As we read the record each witness stated the facts upon which his observations and conclusions of Mrs. Martin's mental condition were made.

POINT No. 4. After Robert A. Smith, a builder with 15 years experience, testified that if any repairs had been made to Mrs. Martin's home during November and December 1968, they would have been discernible at the time he inspected the building, his testimony was competent to show the amount of repairs made. Appellants' argument that it would be impossible for any witness fifteen months after the repairs to give an opinion of the value of the repair work done, goes to the credibility of the testimony and not its admissibility.

POINT No. 5. Relying upon *Bruton* v. *United States, supra,* appellants contend that the trial court erred in admitting the confession of codefendant Cox into evidence. We disagree. The trial court deleted all portions of the confession having reference to appellants. This we understand to be permissible. See *Mosby* v. *State, supra.*

POINT No. 6. The information alleged that on the 26th day of November, $886.50 in money was obtained under false pretenses. At the trial it developed that the prosecuting attorney in drawing the information had transposed the figures and that the exact amount of the check was $686.50. The trial court did not err in amending the information because there was no material variance and no prejudice shown. See Ark. Stat. Ann. § 43-1012 (Repl. 1964).

POINT No. 7. Here appellants argue that the trial court erred in refusing their motion and request to instruct the jury that there was, as a matter of law, no conspiracy between appellants. The motion of appellants appears at page 279 of the record and is as follows:

"Mr. Skillman: Your honor, let me make it clear. By the term as used in the Information, the State is attempting to show that there was a collective action by these defendants on all of the sub-paragraphs thereto, with exception of sub-paragraph 4. Now, sub-paragraph 4 dealt with, or does deal with, as to Holmes, which is not involved in this particular instance today. I understand him not to be included. But that leaves 1, 2, 3, 5, 6 paragraphs of the Information wherein the State is alleging that the four defendants today jointly conspired by a common scheme and method and design. There is no evidence showing there was any common scheme, design, and plan. We say that each should be treated separate, distinct, and apart for this reason: if it is not, then Mr. Pearson can allege and claim that these four all got together and they did go at separate times to get these amounts of money, as they say, by false pretense. We say to that, there is no showing that they all benefitted in the fruits of this, or there was in fact a false pretense, and if the Court does find that there was no joint common scheme or plan, we are entitled to an instruction that the defendants, the charges against them, are to be treated as separate and distinct, even though they may be tried together, and it would prohibit the State from referring to such a common scheme, plan or design."

After listening to argument by appellants' counsel and counsel for the State, the trial court ruled:

"I am going to sustain the motion as to the conspiracy question, and neither defense nor the State can get involved, when it comes time to argue the case, in this particular aspect before the jury. The defendants are jointly charged here with obtaining money or property by false pretense from this lady. That means one verdict form as to each defendant will be submitted to the jury, and the jury will have to determine whether each defendant did or

> did not obtain money by false pretense. I am saying there will be one verdict form as to each defendant on charge of obtaining money by false pretense, whether contained in Count 1 or Count 6."

After this ruling, we find no further request on the issue either by oral motion or request for an instruction to the jury. Consequently we hold that appellants are not in a position to complain of the trial court's failure to so instruct the jury. See *Stockton* v. *State*, 239 Ark. 228, 388 S. W. 2d 382 (1965).

POINT No. 8. The trial court allowed the introduction into evidence of bail bonds and other judicial processes signed by appellants as handwriting samples to be used in identifying each appellant as one of the persons who endorsed and cashed the checks. This was not error. See *Lewis* v. *United States*, 382 Fed. 2d 817 (D. C. Cir. 1967).

POINT No. 9. Appellants requested the trial court to instruct the jury that the State's failure to call Mrs. Lena Martin would justify the inference that her testimoney would be contrary to the contentions of the State. Assuming that such an instruction would be proper in a case such as this, still the trial court did not err here. The record shows that Mrs. Martin, because of her age, had become so forgetful and senile that her relatives had moved her to their home in California to take care of her.

POINT No. 10. The trial court properly admitted the checks executed by Mrs. Martin to appellants into evidence. The identification of each appellant was made by a handwriting expert through comparison of the check endorsement signatures with the bail bonds and waivers of extradition signed by appellants.

POINT No. 11. On occasions the trial court examined the witnesses. Such examinations usually occurred after an objection was made and on those occasions the trial court would question the witnesses to

clarify their testimony before ruling on the objections. On one occasion, the trial court asked an out of state officer to identify one of the accused—apparently for the purpose of excusing the officer to return to his home. Under the circumstances we can find no abuse of discretion or prejudice to the appellants. See *Clubb* v. *State,* 230 Ark. 688, 326 S. W. 2d 816 (1959).

POINT No. 12. We can find nothing in the Prosecuting Attorney's reference to appellants as "con artists" that would call for a mistrial. The comment, while not recommended as good practice, was at most argumentative. Appellants asked for no other relief.

POINT No. 13. Appellants here contend that the trial court should have granted a mistrial when the Prosecuting Attorney, in his closing argument, referred to the confession of James E. Cox in reference to the appellants. Since we find nothing in the record to support this contention, we must hold it to be without merit.

Affirmed.

FOGLEMAN, J., not participating.