16

STATE of Arkansas *v.* James T. BRANAM

CR 81-93                                              627 S.W. 2d 8

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellant.

*William R. Simpson, Jr.,* Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellee.

DARRELL HICKMAN, Justice. This is an appeal by the State questioning the trial court's suppression of a statement made by James T. Branam. While the facts are somewhat complex, the question is not. It is simply a matter of whether Branam had waived his right to have counsel when he talked to the police. The trial court ruled that the State had not met its burden of proof in this regard and we cannot say the court was clearly wrong. The decision is affirmed.

Branam was charged with the capital murder of Phillip Hammett on December 30, 1980. He was arraigned in municipal court the next day and Sandra Berry, an attorney for the Public Defender's office, was appointed to represent him. She told him to make no statements. Hours later Branam was charged with several counts of aggravated robbery and capital murder in connection with the death of Johnny Otwell at the Motel 6 in Little Rock. Shortly after this last charge was made, Detective Jones with the Little Rock Police Department spoke to Branam about the Otwell case. Branam declined to make a statement and the detective made a note which read:

> James Branam, declined to make any statement on advice of his attorney, Public Defender. He was charged with one count of capital felony murder, two counts of aggravated robbery and one count of rape.

On January 2, 1981, Larry Dill, a deputy sheriff with the Pulaski County Sheriff's office, questioned Branam about a third possible charge of aggravated robbery at the Protho Junction Day's Inn Motel. Dill testified that during that questioning Branam wanted to talk about the Otwell case and that he called Detective Jones to tell him Branam was talking about the Otwell case. It is undisputed that Branam did not initiate the conversation with Dill and did not ask to talk with Jones about the Otwell case. Jones and Dill talked to Branam together and Branam made a statement in connection with the Otwell case. That statement is the subject of this appeal. Detective Jones conceded that he

knew Branam had a lawyer and had declined earlier to talk to him. For that reason Jones added to Branam's statement: "I am making this statement against the advice of the public defender."

The trial court ruled that the case of *Edwards* v. *Arizona,* 451 U.S. 477, 101 S. Ct. 1880 (1981) controlled and the statement had to be suppressed. In *Edwards* the Court recognized that an accused can waive his right to counsel, even after he has counsel, but held:

> [W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police.

That is precisely the case before us. Branam had counsel, Detective Jones knew it, and, in fact, Branam had declined to make a statement in this case on that very ground. Deputy Sheriff Dill initiated the later contact with Branam, and brought Detective Jones into the case again. There is no evidence at all that Branam initiated this contact with Dill or Jones.

On appeal we examine such a ruling to see if the State proved by a preponderance of the evidence that a statement was voluntarily given. In this case the specific question is whether Branam made a valid waiver. We make an independent determination of this issue considering the totality of the circumstances, and affirm the trial court unless we can say he was clearly wrong. *Coble* v. *State,* 274 Ark. 134, 624 S.W. 2d 421 (1981). The State argues that numerous fine distinctions exist between this case and *Edwards,* but none would be a basis for holding the trial judge clearly wrong.

Affirmed.