52

Thomas Preston WILLIAMSON *v.* STATE of Arkansas

CR 82-42                                          639 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered September 20, 1982

*Carolyn Lee Whitefield,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant Thomas Preston Williamson was convicted by a jury of murder in the first degree, Ark. Stat. Ann. § 41-1502 (Repl. 1977). He was sentenced to life imprisonment in the Arkansas Department of Correction. It is from that conviction that appellant brings this appeal.

Pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved as counsel and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a pro se brief raising any point he desired. He has not filed such a brief. The State concurs that the appeal has no merit.

On February 22, 1981, the appellant shot Michael Murrah in a Texarkana parking lot. The next day he made a statement to the police admitting to the crime. Appellant subsequently filed a pretrial motion contending that he was mentally incompetent and as a result lacked the capacity to freely and voluntarily make a statement. After a hearing, the trial court ruled that the statement was voluntarily given. On appeal, this Court examines such a ruling to see if the State proved by a preponderance of the evidence that the statement was voluntarily given. *State* v. *Branham,* 275 Ark. 16, 627 S.W.2d 8 (1982); *Coble* v. *State,* 274 Ark. 134, 624 S.W.2d 421 (1981); *Degler* v. *State,* 257 Ark. 388, 517 S.W.2d 515 (1974). We make an independent determination of this issue considering the totality of the circumstances and affirm the trial court unless we can say the lower court was clearly wrong. *Branham,* supra; *Harrison* v. *State,* 276 Ark. 469, 637 S.W.2d 549 (1982); *Freeman* v. *State,* 258 Ark. 617, 527 S.W.2d 909 (1975). In this case there were psychologists' reports which concluded that the appellant's intellectual functioning was significantly impaired, but there was another report which found that the appellant had the mental capacity to understand the legal proceedings. The officer who took the statement testified that the appellant indicated that he understood his rights and was voluntarily waiving them. Where the voluntariness of a confession is in issue, any conflict in the testimony of witnesses is for the trial court to resolve. *Harrison,* supra; *Wright* v. *State,* 267 Ark. 264, 590 S.W.2d 15 (1979). Here, the trial judge considered the credibility of the witness and the conflicting psychological reports and concluded that appellant was capable of making a voluntary statement. We cannot say from an independent examination of the record that his finding was in error.

Even without appellant's statement, there was ample evidence to support his conviction. Several witnesses saw him at the scene of the shooting and one witness saw him fire the shots. A ballistics expert testified that the bullets which killed the victim were fired from a gun belonging to appellant's father. Although there was testimony that appellant may have been drinking at the time he shot Murrah and that he was mentally deficient as a result of long-term

alcohol abuse, it was for the jury to decide if he was legally responsible for his actions. *Curry v. State,* 271 Ark. 913, 611 S.W.2d 745 (1981).

Upon a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.