Stephen J. CONTI *v.* STATE of Arkansas

CA CR 83-143                                664 S.W.2d 502

Court of Appeals of Arkansas
Division II
Opinion delivered February 15, 1984

*Hubbard, Patton, Peek, Haltom & Roberts,* by: *Raymond W. Jordon,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci Talbot,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted by jury verdict of forgery in the second degree and sentenced to five years in prison. Appellant urges five points for reversal of his conviction, but we find no reversible error.

Appellant's first point for reversal is that the trial court erred in ruling that appellant's statement to the police was voluntarily given.

Appellant's version of the events transpiring after his arrest was that he first gave a tape recorded statement, was then advised of his rights, and the next day signed a transcribed copy of his statement. The only threat or intimidation claimed by appellant was that a police officer threatened to give him a "Southern haircut." Appellant testified that if the tape were played the recording would be identical to the transcribed statement. He stated that he had been advised of his right to remain silent before he signed the transcribed statement, but not prior to the giving of the recorded statement.

Officer Claude Wells testified that appellant was advised of his rights prior to the giving of the recorded statement and that appellant signed a standard waiver of rights form. The bottom portion of the rights form consisted of a waiver of rights, stating that appellant had read the statement of his rights, understood them, was willing to make a statement and answer questions, and did not want an attorney. Officer Wells testified that the recorded statement was transcribed, and that on the next day appellant read it, stated that there were no corrections needed, and signed it. Officer Wells testified that no promises or threats were made and specifically denied threatening to cut appellant's hair.

Where the voluntariness of a confession is in issue, any conflict in the testimony of the witnesses is for the trial court to resolve. *Williamson* v. *State,* 277 Ark. 52, 639 S.W.2d 55 (1982). There was a conflict in the testimony of Officer Wells and appellant, and this court must defer to the superior

position of the trial judge to make such a resolution. *Brewer v. State*, 271 Ark. 254, 608 S.W.2d 363 (1980).

Appellant's second point for reversal is that the trial court erred in admitting into evidence the transcribed copy of appellant's confession and refusing to require the state to introduce into evidence the recording of the statement. Appellant argues that the best evidence rule was violated by the introduction into evidence of the transcribed statement, citing Rule 1002 of the Uniform Rules of Evidence. Rule 1002 provides in pertinent part as follows:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required. . . .

We do not perceive the issue here to involve the best evidence rule. What we have is a new statement, signed by appellant after he was admittedly advised of his rights. In any event, there is no showing of prejudice, because all the evidence, including the testimony of appellant, was that the recording and the transcribed statement were identical.

Appellant's next point for reversal is that the trial court erred in overruling appellant's objection to the prosecutor's closing argument that (1) appellant intended to commit additional criminal violations and (2) appellant could not pay a fine.

The general rule is that the prosecutor may not assert that the defendant's character is questionable where there is no adequate justification in the evidence. *Gustafson v. State*, 267 Ark. 278, 590 S.W.2d 853 (Ark. App. 1979). It is also a fundamental rule that the closing arguments of counsel must be confined to the questions in issue, the evidence introduced at the trial and all reasonable inferences and deductions which can be drawn therefrom. *Simmons & Flippo v. State*, 233 Ark. 616, 346 S.W.2d 197 (1961). The trial judge, however, has a very broad latitude of discretion in supervising and controlling arguments of counsel, and his action is not subject to a reversal unless there is manifest gross abuse of that discretion. *Parker v. State*, 265 Ark. 315,

578 S.W.2d 206 (1979). Not every comment, though improper, is of such magnitude as to constitute reversible error. See *Gustafson* v. *State, supra,* where the prosecutor referred to certain persons as "rats"; *Miller* v. *State,* 250 Ark. 199, 464 S.W.2d 594 (1971), where the prosecutor referred to the defendant as a con artist; *Johnson* v. *State,* 249 Ark. 208, 458 S.W.2d 409 (1970), where the prosecutor remarked that the defendant apparently made a livelihood from crime.

Both comments by the prosecutor in this case were logical inferences that could be drawn from the evidence. Appellant admitted that he had the alleged victim's entire checkbook on him which had eight additional checks in it, and there was no evidence that appellant had attempted to return the checks to the owner. Appellant stated that he had no mailing address or residence, and that he had arrived in Texarkana, Arkansas, where he was arrested, at 2:30 a.m. the day he was arrested, on a freight train.

Appellant contends that the trial judge was in error when he failed to give any admonition to the jury regarding the prosecutor's remarks, but the record reflects that no request was made for an admonition. Appellant made no request that the trial court take any specific action, and he cannot now complain that no action was taken. *Miller* v. *State,* 269 Ark. 341, 605 S.W.2d 430 (1980).

The trial court instructed the jury that "closing arguments of the attorneys are not evidence" and that "any arguments, statements or remarks of attorneys having no basis in the evidence should be disregarded by you." Those instructions by the court were sufficient to cure any impropriety on the part of the prosecutor. See *Abraham* v. *State,* 274 Ark. 506, 625 S.W.2d 518 (1981).

Appellant's final point for reversal is that the statutory sentence for forgery in the second degree, and the five year sentence in this case, are violative of constitutional provisions against cruel and unusual punishment.

Forgery in the second degree is a class C felony under the

provisions of Ark. Stat. Ann. § 41-2302(5) (Repl. 1977), and Ark. Stat. Ann. § 41-901 (Supp. 1981), provides that the sentence for a class C felony is from four to ten years.

It is within the power of the legislature to classify crimes and to determine punishment. *Stout* v. *State,* 249 Ark. 24, 458 S.W.2d 42 (1970). The Arkansas Supreme Court has consistently held that if a sentence comes within the limits imposed by statute, it is not cruel and unusual. See *Stout* v. *State, supra; Wilson* v. *State,* 271 Ark. 682, 611 S.W.2d 739 (1981). The fact that punishment is severe does not make it cruel or unusual. *Hinton* v. *State,* 260 Ark. 42, 537 S.W.2d 800 (1976).

In this case appellant did not receive the maximum punishment authorized by law but instead received only one year above the minimum of four years.

The judgment of the trial court is affirmed.

COOPER and CORBIN, JJ., agree.