Anthony Wayne THOMPSON *v.* STATE of Arkansas

CA CR 86-177 727 S.W.2d 865

Court of Appeals of Arkansas
Division II
Opinion delivered April 29, 1987

 

*Attaway & Shumaker*, by: *Rick C. Shumaker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was found guilty, by a jury, of theft of property. As a habitual offender he was sentenced to ten years in the Arkansas Department of Correction. On appeal, the appellant argues that the trial court erred in refusing to grant a mistrial after the prosecuting attorney referred to him as a habitual criminal in closing arguments. We affirm.

During the case in chief for the defense the appellant testified and admitted during direct examination that he had pled guilty to two separate charges of theft in 1981 and 1982. He further stated that he pled guilty to the 1981 and 1982 charges because he was guilty, and that he pled not guilty in the case at bar because he was not guilty. During closing arguments, the prosecuting attorney referred to the prior convictions and made the following remarks:

> Basically ladies and gentlemen, this is a very serious case, one passed Ms. Thane.[sic] But two, we have before us an habitual criminal. We have someone who cannot keep his hands off someone else's property. He has been convicted not once, but twice. Now he is before you a third time and he hasn't learned his lesson to this date.

At that point the defense counsel asked to approach the bench, but this discussion between the attorneys and the judge is not part of the record. The prosecuting attorney then resumed his argument and, after asking the jury to impose a serious punishment, indicated to the jury that he would be talking with them again. The court interrupted and the defense attorney made "the same

objection" which the trial court overruled.

After the jury left the courtroom to deliberate, the appellant requested a mistrial, which was denied. The trial court then offered to recall the jury and instruct them again, but the appellant's counsel stated that it was not necessary. However, he did request that his motion for a mistrial be preserved.

The appellant now argues that the mistrial should have been granted because the prosecuting attorney was attempting to persuade the jury to consider his prior convictions as character evidence in violation of A.R.E. Rule 404(b). He further argues that no instruction would cure this error.

The general rule is that the prosecutor may not assert that the defendant's character is questionable where there is no adequate justification in the evidence. *Gustafson v. State*, 267 Ark. 830, 593 S.W.2d 187 (1980); *Conti v. State*, 10 Ark. App. 352, 664 S.W.2d 502 (1984). It is also a fundamental rule that the closing arguments of counsel must be confined to the questions in issue, the evidence introduced at trial, and all reasonable inferences and deductions which can be drawn therefrom. *Simmons v. State*, 233 Ark. 606, 346 S.W.2d 197 (1961); *see also Conti, supra*. The trial judge has a very broad latitude of discretion in supervising and controlling arguments of counsel, and his action is not subject to reversal unless there is manifest gross abuse of that discretion. *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Even when the remarks are improper, they may not be of such magnitude as to constitute reversible error. *See Gustafson, supra*, where the State referred to the defendant as an "escapist"; *Miller v. State*, 250 Ark. 199, 464 S.W.2d 594 (1971), where the State referred to the defendant as a "con artist"; and *Maxwell v. State*, 279 Ark. 423, 652 S.W.2d 31 (1983), where the State referred to the defendant as a "rapist, thief and escapee." Furthermore, the trial court is in a better position to judge and observe the prejudicial impact of closing arguments to a jury than is the appellate court. *James v. State*, 11 Ark. App. 1, 665 S.W.2d 883 (1984).

In the case at bar the jury was instructed that the remarks of counsel are not evidence, and that the prior convictions testified to were to be considered for credibility and not guilt or innocence. Those instructions, given by the court immediately

before arguments of counsel began, were sufficient to cure any impropriety on the part of the prosecutor. *Conti, supra.*

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.