Vernon Ray COPE *v.* STATE of Arkansas

CR 87-13                                    730 S.W.2d 242

Supreme Court of Arkansas
Opinion delivered June 8, 1987

*Val P. Price*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Vernon Ray Cope was convicted of two counts of raping his daughters, Jennifer and Debra, between December 1, 1984 and August 12, 1985. Cope was convicted and received two consecutive life sentences in the Arkansas Department of Correction. On appeal, four assignments of error are presented. We affirm the judgment.

### Sufficiency of the evidence as to Jennifer Cope

Cope contends there was insufficient evidence to support his conviction of raping Jennifer. He points out the state must prove the sexual intercourse was the result of forcible compulsion, or that it occurred after the effective date of Act 281 of 1985, neither of which, he urges, the state proved.

On March 7, 1985 Act 281 became effective.[1] The act provides that one commits rape by engaging in sexual intercourse with another person either by forcible compulsion or, regardless of compulsion, if the other person is less than fourteen years of age. Previous to Act 281, the specified age was eleven. Since Jennifer was born on May 6, 1973 the state must prove that sexual intercourse occurred after March 7 or was accomplished by forcible compulsion. Cope insists that there was no proof of either.

We need not decide whether Jennifer's testimony that her father would remove her clothes, have sexual intercourse with her, which was painful, and warn her not to tell anyone, meets the statutory requirement of forcible compulsion. Jennifer testified that her mother attended classes on Tuesday and Thursday nights and that these episodes regularly occurred during her mother's absences. The classes ended in May 1985. Jennifer also testified the acts continued until she was removed to a foster home in mid-August 1985. We believe the evidence was sufficient that the offenses occurred after the effective date of Act 281 while Jennifer was less than fourteen years of age.

### Sufficiency of the evidence as to Debra Cope

Cope submits the proof was insufficient to support his conviction of the rape of Debra. The child's testimony contained a number of inconsistencies— she said her father had not touched

---

[1] Ark. Stat. Ann. § 41-1803 (1985 Supp.)

her private parts but answered "yes" when the question was repeated. Nor was there any corroboration of her testimony, including any physiological evidence of intercourse.

We concede the inconsistencies in Debra's testimony, but these flaws are relevant to credibility rather than substantiality. *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980). When asked what would happen after her father "threw her on the bed," Debra answered, "He would put his private in my private." The uncorroborated testimony of a rape victim is sufficient to support the verdict. *Smith* v. *State*, 277 Ark. 64, 638 S.W.2d 692 (1982). Debra's testimony was corroborated to a degree by the statement of the appellant himself to the police. He admitted having sex with Jennifer "a lot more than 2 times" and said he might have "played with Debra's [vagina], I don't know. I am a sick man."

### Admission of Cope's Third Statement

The third point concerns the admission of Cope's third statement, given after he had taken a polygraph examination. Miranda warnings had been given twice previously, once just prior to the polygraph. However, the warnings were not repeated immediately following the test and Cope maintains this omission fatally taints the statement. We disagree. There is no requirement that the Miranda warnings, when properly given, must be repeated in each instance. Cope had twice been given the warnings, professed his understanding of them and gave his third statement shortly after the second warnings. *Wyrick* v. *Fields*, 459 U.S. 42 (1982).

The argument that the language of the statement is "dubious" was not made to the trial court and the argument that Cope did not understand his rights is refuted by the record, which we have reviewed independently on appeal. *Williamson* v. *State*, 277 Ark. 52, 639 S.W.2d 55 (1982).

### Bill of Particulars

The final contention is that the court should have granted a motion by the defense for a bill of particulars specifying the date, time and place the acts occurred. Cope relies on *Bliss and Bliss* v. *State*, 282 Ark. 315, 668 S.W.2d 936 (1984), where

we reversed and remanded on several grounds, including the failure of the state to furnish a requested bill of particulars. In *Bliss* the defendants were charged with rape and deviate sexual activity and by their motion for a bill of particulars they sought to determine which of the two offenses they were alleged to have committed. Unlike *Bliss*, in this case the prosecutor informed defense counsel that the state's case would consist of sexual intercourse with each child, accompanied by penetration and fondling. We have recognized that the trial court has some discretion under Ark. Stat. Ann. § 43-1006 (Repl. 1977) in granting motions for a bill of particulars and we are not shown that the denial of the motion worked to the prejudice of Vernon Cope. *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978).

The judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent from that part of the opinion which affirms the conviction for the rape of Debra Cope, the younger daughter. Not only was there no substantial evidence that Debra had been raped, there was positive evidence that sometime later she was still a virgin — her hymen was still intact. The examining physician found no evidence of sexual abuse or intercourse. The only evidence was Debra's testimony.

The rape of both girls is alleged to have occurred between December 1984 and August 12, 1985. When the girls were first interviewed, Jennifer said she had been raped and Debra stated she had not been raped or molested. However, after the video-taped statement of her sister was taken, Debra then stated she had been raped in exactly the same manner as her sister testified she had been raped.

In June of 1986 the video depositions of the girls were taken. Debra did not remember telling the investigators that the appellant had not raped her. She testified positively that the appellant would get on top of her and "put his private in my private." Her testimony was clearly that the appellant had vaginal intercourse with her. There was never any other evidence offered to substantiate her statement. The examining physician found absolutely no evidence to support her story. Since she at first denied that appellant had even touched her private parts and

only changed her story after Jennifer described how she had been raped, I believe that she was simply following the leader.

I have no disagreement with our cases which have upheld rape convictions on the testimony of the victim. In all those cases, however, there was also physical evidence that a rape had actually occurred. In this case no such evidence was presented. The appellant admitted that he had indeed had vaginal intercourse with Jennifer; however, he steadfastly denied any misconduct with Debra.

There is no question that child molesters and those who commit rape should and must be dealt with rather harshly. There is presently a hue and cry for vengeance in such cases. That is fine unless it goes so far as to automatically condemn anyone charged with such an offense. Young children are learning from the news media and other sources that accusing an adult with such a crime is one way of getting even with them for any grievance the child might have. An accused should still be considered innocent until reliable and positive proof of guilt is established. However, I fear society and the law is rapidly reaching the point where the mere accusation by a child that an adult has molested him or her is sufficient to send the accused to prison for life.

There is a substantial difference in the situation where a child reports being molested at the first opportunity and where the child reports such an offense many months later after a great deal of coaching. In the present case, other than the alleged victim's testimony, there was no evidence that Debra had been raped. In fact, the doctor's finding that her hymen was still intact indicates lack of sexual intercourse.

The appellant received a life sentence for raping Jennifer. Unless clemency is granted he will spend the rest of his life in prison. I do not feel that the second life sentence for raping Debra is founded upon substantial evidence.