Michael Glenn PICKENS *v.* STATE of Arkansas

CR 01-992 69 S.W.3d 10

Supreme Court of Arkansas
Opinion delivered March 7, 2002

*Phyllis J. Lemons*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Michael Glenn Pickens appeals his conviction of rape and sentence of life in prison. Pickens was convicted under Ark. Code Ann. § 5-14-103 (Supp. 2001) of engaging in sexual intercourse or deviate sexual activity with another person who was less than fourteen (14) years of age. Pickens asserts two issues on appeal. He first asserts that his motion for a directed verdict was denied in error because there was a lack of substantial evidence of rape. He also asserts that the trial court erred in failing to exclude evidence of a prior conviction for rape. We find no merit in either claim and affirm.

## Facts

Pickens was living with his girlfriend at the time of the alleged rapes in this case. She had a twelve-year-old daughter living with her who is the victim in this case. The victim testified that Pickens first came into her bedroom at night and made sexual advances to her. She further testified that he later came into her room and had sexual intercourse with her despite her protests.

The victim testified that this occurred late at night while the others in the house were asleep and that she was raped in the bed where she slept. She also testified that she and her two brothers slept together in the same room in a bunk bed. In fact, according to her testimony, a brother who was then five slept with her in the lower bunk. A brother who was then eleven years old slept on the top bunk. She testified that although there were multiple rapes, neither brother ever woke up.

The victim testified that Pickens engaged in sexual intercourse with her on between ten and twenty or more occasions and later testified that he had sex with her on a daily basis for two years. When the victim told her mother of the sexual abuse, she threw Pickens out of her house. The victim was then taken for medical care and tested positive for a sexually transmitted disease.

Because the victim tested positive for a sexually transmitted disease, the State had Pickens tested. His test was negative. However, when he was asked to submit to the test, he told Arkansas State Police Officer Brenda Hale that he had indeed been infected with a venereal disease. However, he further told her that while he was in jail on another charge, but after this alleged sexual abuse, he was given an antibiotic by injection that cleared up the infection.

During a polygraph test, Pickens was asked if he had raped the victim. He denied it verbally while shaking his head "yes." After the test, Pickens tried to get the testing officer to shake hands, and when she refused, he stated, "I know you won't shake my hand, because I was smarter than you and I wouldn't tell you that I had sex with that girl, but I am not going to tell you that."

*Sufficiency of the Evidence*

Pickens argues that the trial court erred in denying his motion for a directed verdict. A motion for a directed verdict challenges the sufficiency of the evidence. *Ross v. State*, 346 Ark. 225, 57 S.W.3d 152 (2001); *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). The test for determining sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict. *Ross, supra.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Id.*

Pickens argues that there was "absolutely no evidence from which the jury could have found Appellant guilty of Rape without resorting to suspicion and conjecture." The victim in this case was under the age of fourteen. Criminal liability is based simply upon having sexual intercourse with a person under the age of fourteen. Ark. Code Ann. § 5-14-103(a)(1)(C)(i). The victim testified that Pickens came into her room at night and had sexual intercourse with her. She also testified that the contact was always penile-vaginal intercourse and that it occurred on at least ten to twenty occasions. Elsewhere in her testimony, she testified that it occurred every day for two years.

■ The victim testified Pickens had sexual intercourse with her. There is no question that in the prosecution of a defendant for the rape of someone below the age of consent, the testimony of the victim alone is sufficient to support the conviction. *Sublett v. State*, 337 Ark. 374, 989 S.W.2d 910 (1999); *Nowlin v. State*, 253 Ark. 57, 484 S.W.2d 339 (1972); *Goodnaugh v. State*, 191 Ark. 279, 85 S.W.2d 1019 (1935); *Ragsdale v. State*, 132 Ark. 210, 200 S.W. 802 (1918); *Bond v. State*, 63 Ark. 504, 39 S.W. 554 (1897). Thus, this testimony alone is sufficient to allow the jury to decide this case. There was no error in denying Pickens's motion for a directed verdict.

### Evidence of Prior Sexual Offenses

■ Pickens was convicted of the rape of his nine-year-old stepsister in 1988 and sentenced to ten years in the Arkansas Department of Correction. He objects to admission of this prior conviction in the present case based on the prohibition in Ark. R. Evid. 404(b) against the use of character evidence to prove conformity therewith. Rule 404(b) provides:

> (b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The evidence is not admissible simply to show a prior bad act. *Haire v. State*, 340 Ark. 11, 8 S.W.3d 468 (2000). However, the State argued below that the evidence was admissible under Rule 404(b)

as evidence of a "common motive, plan, design or scheme." Such evidence is allowed under Rule 404(b).

■ However, the assertion of a plan or scheme was not explained further at trial, nor on appeal, and there is no evidence offered to show Pickens engaged in a plan such as "luring children into his lair" where he could gain the opportunity to abuse them. *See Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994). If a plan is asserted, there must be evidence the offenses were planned. *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994). To be admissible, the evidence must be independently relevant, which means it must have a tendency to make the existence of a fact of consequence to the determination of the case more or less probable. *Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997) (citing *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994)). *See also* Ark. R. Evid. 401. Evidence of a plan is lacking, but the evidence does show motive.

■ The evidence was properly offered to show motive. This court first characterized the admission of evidence of prior sexual offenses under Rule 404(b) as the "pedophile exception" in *Greenlee, supra*. However, this court has long held that other sexual offenses may be admissible to show motive. *Greenlee, supra; Cope v. State*, 292 Ark. 391, 730 S.W.2d 242 (1987); *Ward v. State*, 236 Ark. 878, 370 S.W.2d 425 (1963); *Hummel v. State*, 210 Ark. 471, 196 S.W.2d 594 (1946).

■ In *Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001), we clarified the requirements for admission of such evidence under Rule 404(b). Evidence of other sexual offenses is allowed where the other sexual offenses involve a similar act of sexual abuse of children, and where such evidence shows a proclivity toward a specific act with a person or class of persons with whom the accused has had an "intimate relationship." As we noted in *Berger*, this requirement of an "intimate relationship" has been met in a number of cases in the past where the victim either lives with the criminal defendant in the same home or where the offenses were committed in the criminal defendant's home. *Taylor v. State*, 334 Ark. 339, 974 S.W.2d 454 (1998); *Hernandez v. State*, 331 Ark. 301, 962 S.W.2d 756 (1998); *Mosley v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996); *Free v. State*, 293 Ark. 65, 732 S.W.2d 452 (1987). As noted in *Berger*, Rule 404(b) does not require that the child live in the criminal defendant's home or that the crime have been committed there, but such evidence does tend to show an intimate relationship.

 The trial court, in analyzing the admissibility of the evidence in this case, found:

> Based upon the disparity of the ages, the fact that the child was nine, this child was only 12 or 13, he was substantially older in each instance and they both stood in a close relation to him, one being a step sister and the other being essentially a step daughter, he was living in with this present child's mother, puts them in to the same similar circumstances where he was a household member in some control and some leadership and some ability to be in their life, to gain their confidence.

The act in the prior sexual offense was sexual intercourse. It was precisely the same act as was committed against the present victim, and that satisfies the first requirement of similarity. We now move to the second requirement. Both victims were underage girls of approximately the same age. This satisfies the second requirement of the acts being directed at a specific person or class of persons. Finally, as to the third element, both instances of sexual offenses were committed against someone who was substantially younger than Pickens, someone who stood in a family or quasi-family relationship to him as stepsibling and stepdaughter, and someone who Pickens gained access to by using the household that they or he lived in. In fact, in a statement to the police, Pickens stated that he had not been in a father-daughter relationship with the victim, but that he had been in authority over her. Thus, the third requirement of an intimate relationship is met. *Berger, supra.*

 The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Hernandez, supra.* We find no abuse of discretion.

*Arkansas Supreme Court Rule 4-3(h)*

The transcript of the record in this case has been reviewed pursuant to Rule 4-3(h). Rule 4-3(h) requires, that in cases of sentences of life imprisonment or death, we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a) (1987). None has been found.

Affirmed.